## KYLE v. THE STATE OF ALABAMA.

1. To authorize the court to sentence one to confinement in the penitentiary, for aiding a prisoner to escape from confinement in jail, the indictment should alledge, that the prisoner who was thus aided to escape, was in confinement upon a charge of felony,

Error to the Circuit Court of Pike.

The indictment is as follows:

The grand jurors, &c. upon their oaths present, that one Christopher Kyle, late of the county and State aforesaid, did, on the 25th September, 1843, in the county aforesaid, aid and assist one Ellory Neighbors, John Q. R. A. Martin, Robert E. Kyle, and Peyton Parker, all of whom are lawfully detained in the common jail of the county of Pike, aforesaid, to escape therefrom, contrary to the form of the statute, &c.

The jury, under the plea of not guilty, returned a verdict for the State, and the court sentenced the prisoner to seven years confinement in the penitentiary.

He now assigns for error, the insufficiency of the indictment, to sustain the conviction and sentence.

Belser, for the plaintiff in error.
Attorney General, contra.

ORMOND, J.—The penal code creates two distinct grades of offence of this class; making it a penitentiary offence to aid a prisoner in his escape from the county jail, or other place of confinement, who is detained for a felony, and a misdemeanor if the prisoner is detained for any other offence, other than a felony. [Clay's Dig. 429, § 16, 17.] An indictment under this statute for the higher offence, must alledge the facts, which on conviction will authorize the court to sentence the prisoner to confinement in the penitentiary. For any thing

shown in this indictment, the offence may be a mere misdemeanor, and it is a cardinal rule of criminal pleading, that the indictment must alledge every thing necessary to authorize the conviction and judgment of the court. The judgment must therefore be reversed, but the prisoner will remain in custody, until discharged by due course of law.