THE STATE OF KANSAS v. CHARLES LEWIN.

STATE PENITENTIARY, *Escape from—Void Section of Statute.* Section 28, chapter 152, of the Laws of 1891, entitled "An act in relation to the state penitentiary," is void, being in violation, not only of §16, article 2, of the constitution, but of other constitutional provisions as well.

*Appeal from Leavenworth District Court.*

THE opinion states the case.

*S. E. Wheat,* county attorney, for appellant.

*N. E. Van Tuyl,* for appellee.

The opinion of the court was delivered by

ALLEN, J.: The appellant was taken before the district court of Leavenworth county on an information signed by S. W. Chase, warden of the penitentiary, charging that on the 3d day of July, 1893, the defendant was lawfully confined in the state penitentiary upon a sentence of six years from the 11th day of October, 1892, by the district court of Sumner county, for the crime of burglary and larceny, and that on the 3d day of July he unlawfully escaped from the penitentiary. This information is filed under § 28, chapter 152, of the Laws of 1891, entitled "An act in relation to the state penitentiary." The section reads as follows:

"SEC. 28. That in case any convict shall escape from the penitentiary, or from the custody of any officer, or make an attempt to so escape, or shall join in any mutiny, or shall make an attempt at mutiny, or in any manner do any act to cause others to mutiny, while in confinement in the state penitentiary, or while in the custody of any officer, the said convict shall be taken by the warden before the district court of Leavenworth county, on information filed by the warden; and if the charge be sustained, the time said convict had served in the penitentiary prior to such act as charged shall not be counted as any part of the term of his sentence, but the said convict shall be sentenced by the court to confinement in the state penitentiary for the full term for which he or she was

sentenced by the court before whom he or she was convicted and undergoing sentence at the time of the violating the provisions of this section: *Provided*, That no limitation shall bar proceedings under this section."

A motion was made to quash the information, and this motion was sustained by the district court.

The question presented is as to the constitutionality of the provisions of § 28; and, first, do they come fairly within the scope of the title to the act? The title appears to be broad enough to cover any matter directly relating to the penitentiary and the management thereof. Under it, the legislature might undoubtedly provide rules and regulations covering the conduct of the inmates, and punishment for an infraction of them. But this section goes farther, and provides not merely punishment for escapes, mutinies, etc., but undertakes to establish a special procedure, by which jurisdiction is given to the district court of Leavenworth county alone to proceed on an information filed by the warden of the penitentiary, instead of the county attorney, to hear complaints of violations of this section, and thereupon, if the charge be sustained, to pass sentence on the defendant. It is urged that the section does not authorize nor contemplate a trial by jury, and that it is therefore violative of another provision of the constitution. The section is entirely silent as to the mode of trial. It simply says:

"If the charge be sustained, the time said convict had served in the penitentiary prior to such act as charged shall not be counted as any part of the term of his sentence, but the said convict shall be sentenced by the .court to confinement in the state penitentiary for the full term for which he or she was sentenced by the court."

No reference whatever is made to the code of criminal procedure, under which parties charged with crime are originally tried. It would only be by a strained construction, deemed necessary to uphold a wholesome enactment, that it could be said that such a section as this contemplated a trial by jury in the usual manner. We think the legislature had no such

thought in enacting this section, but intended a summary proceeding without a jury. If so, of course the section is void. We think it void under § 16, article 2, of the constitution, because, under an act entitled "An act in relation to the state penitentiary," it attempts to establish a system of special criminal procedure in Leavenworth county for a special class of offenses, and undertakes to confer on the warden of the penitentiary the functions of a prosecuting officer in that court. This is clearly outside of the scope and purview of the title. Criminal procedure is a distinct branch of the law, clearly disconnected from the conduct and management of state institutions. (*Swayze v. Britton,* 17 Kas. 625; *Comm'rs of Sedgwick Co. v. Bailey,* 13 id. 600; *The State v. Barrett,* 27 id. 213; *Railway Co. v. Long,* 27 id. 684.)

The section is open to other serious constitutional objections. Its provisions do not commend themselves to our sense of justice. The punishment required to be imposed is not to be measured by the offense committed, but is made to depend wholly on the date of the sentence under which the prisoner was confined in the penitentiary at the time he committed the act for which he is punished. The court is required simply to obliterate the time that he has been confined in the penitentiary for his original offense, and, as a punishment for the escape, or mutiny, to reimpose the sentence given by the court for his prior crime; so it may happen under this section, that two men attempting or effecting an escape from the penitentiary on the same day in concert, under precisely the same circumstances and with exactly equal guilt, would receive wholly different punishment. If one had been confined but for a day, his punishment would be increased but by one day, while the other, who might have been confined for 20 years, would be sentenced to a further confinement for that number of years. Is not this, in effect, not merely placing a defendant twice in jeopardy for the same offense, but in fact punishing him twice? Can this be said to be an impartial administration of justice? Can it be said to be affording to all individuals the equal protection of the laws? The inher-

ent vice of such an enactment is not fully apparent until the fact is recognized that at the penitentiary, where there are no witnesses of what transpires but convicts and officers, the oath of a convict would have little weight against that of an officer, and a charge preferred and backed up by the oath of an officer would, in most cases, insure a conviction, thus, unduly increasing the necessarily great power of the warden over the inmates under him. We are not disposed to strain our construction of constitutional safeguards to uphold such a statute. We think § 28 wholly void, and the order of the district court quashing the information is sustained.

All the Justices concurring.