### STATE v. J. R. JOHNSEY.

No. A-7606.   Opinion Filed Feb. 20, 1930.
(287 Pac. 729.)

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

Andrews & Aston, for defendant in error.

CHAPPELL, J.   This is an appeal upon the part of the state from the district court of Pittsburg county, Okla., in which the court sustained a demurrer to the information filed against the defendant herein charging him with escape from the state penitentiary.

The statute under which this information was drawn is section 8361, C. O. S. 1921, and reads as follows:

"Any person committed to a state prison who shall escape from or break said state prison  with  intent  to escape therefrom, or who shall attempt by force or violence, or in any other manner, to escape from said prison, whether such escape be effected or not, shall upon conviction thereof be punished by imprisonment in said prison for a term not exceeding double the term for which he was

so sentenced, to commence from and after the expiration of his former sentence."

The defendant filed the following demurrer to the information:

"1. That said information does not charge an offense under the laws of this state;

"2. That the offense charged in said information under section 8361, Comp. Stats., is contrary to law;

"3. That the act under which this information is based is unconstitutional and contrary to the 14th Amendment of the Constitution of the United States of America."

The only question necessary to pass upon in this case is the constitutionality of section 8361, supra, which question is raised by the third subdivision of defendant's demurrer. Does this statute give equal protection to persons charged with violations thereof, or is it unreasonable or class legislation? It will be observed that the punishment to be inflicted under this statute depends entirely on the sentence the convict is serving at the time of the escape. The offense is not divided into grades, unless it can be said that the grade of the crime is fixed by the sentence from which the convict is escaping. It may be stated as a general proposition of law that every person is entitled to the equal protection of the law, and that equal protection of the law means that equal protection and security should be given to all under like circumstances in his life, his liberty, and his property, and in the pursuit of happiness, and in the exemption from any greater burden and charge than are equally imposed upon all others under like circumstances. Under this statute, there would be as many different grades of crime as there are prisoners undergoing different sentences. To say that the long-term convict commits a greater offense than the

short-term convict is to base the punishment for such escape, not upon the act of escaping from a state prison, but upon the act of escaping from a punishment fixed by a court in the judgment of conviction. The statute in defining the offense, however, makes the escape from the state prison the offense, and not the escape from the punishment' of the judgment fixed by the court upon trial. This classification is not natural, but arbitrary. To justify a classification of grades of crime, there must appear some good and valid reason why the classification should be made as made.

In the case of Connolly v. Union Sewer Pipe Co., 184 U. S. 540, 22 S. Ct. 431, 439, 46 L. Ed. 679, that court said:

"The difficulty is not met by saying that, generally speaking, the state when enacting laws may, in its discretion, make a classification of persons, firms, corporations, and associations, in order to subserve public objects. For this court has held that classification 'must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily and without any such basis. * * * But arbitrary selection can never be justified by calling it classification. The equal protection demanded by the 14th Amendment forbids this. * * * No duty rests more imperatively upon the courts than the enforcement of those constitutional provisions intended to secure that equality of rights which is the foundation of free government. * * * It is apparent that the mere fact of classification is not sufficient to relieve a statute from the reach of the equality clause of the 14th Amendment, and that in all cases it must appear, not only that a classification has been made, but also that it is one based upon some reasonable ground,—some difference which bears a just and proper relation to the attempted classification,—and is not a mere arbitrary selection'." Cooley on Const. Lim. pp. 556-575; Wagner v. Milwaukee County, 112 Wis. 601, 88 N. W. 577; Nichols v. Walter,

37 Minn. 264, 33 N. W. 800; Sutton v. State, 96 Tenn. 696, 36 S. W. 697, 33 L. R. A. 589; Murray v. Board of Com'rs of Ramsey County, 81 Minn. 359, 84 N. W. 103, 51 L. R. A. 828, 83 Am. St. Rep. page 379.

The very theory of punishment to be imposed for violations of the law is that such punishment should be proportioned to the gravity of the offense. While the Legislature in prescribing and fixing punishment for crime has very great latitude in classifying the same, still such classification should be natural and not arbitrary and should be made with reference to the heinousness or gravity of the act or acts made a crime, and not with reference to matters disconnected with the crime. The authorities are practically unanimous upon the question that the classification must be made with reference to the heinousness or gravity of the act or acts made a crime, and not with reference to matters disconnected with the crime. State v. Lewin, 53 Kan. 679, 37 Pac. 168; Ex parte Mallon, 16 Idaho, 737, 102 Pac. 374, 22 L. R. A. (N. S.) 1123; Hurtado v. Calif., 110 U. S. 516-534, 4 S. Ct. 292, 28 L. Ed. 232; 8 Cyc. 1058, 1059; Barbier v. Connolly, 113 U. S. 27, 5 S. Ct. 357, 27 L. Ed. 924.

An examination of this statute leads to the conclusion that the classification is arbitrary, and that the punishment is not fixed according to the heinousness or gravity of the act, but is left to be fixed by matters occurring independent of the crime.

Section 8361, supra, is unconstitutional for the reason that it violates that part of the Fourteenth Amendment to the Constitution of the United States of America which prohibits the state from denying to any person within its jurisdiction the equal protection of the laws. Bowman v. Lewis, 101 U. S. 22, 25 L. Ed. 989; In re Kemmler, 136 U. S. 436, 10 S. Ct. 930, 34 L. Ed. 524.

The act under which defendant is being prosecuted being void because in violation of the Constitution, the defendant was entitled to be discharged. The action of the district court of Pittsburg county in sustaining the demurrer to the information is affirmed, and the defendant ordered discharged.

DAVENPORT, J., concurs. EDWARDS, P. J., absent, not participating.