### PENNSYLVANIA EX REL. SULLIVAN *v.* ASHE, WARDEN.

No. 25.  Argued October 21, 22, 1937.—Decided November 8, 1937.

*Messrs. William J. Hughes, Jr.* and *Bernard T. Foley,* with whom *Mr. William E. Leahy* was on the brief, for petitioner.

*Messrs. Adrian Bonnelly* and *Burton R. Laub,* with whom *Mr. Charles J. Margiotti,* Attorney General of Pennsylvania, and *Messrs. Mortimer E. Graham, William F. Illig* and *Samuel Roberts* were on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

The question presented in this case is whether, consistently with the equal protection clause, a State may classify punishments to be imposed on convicts breaking out of the penitentiary by authorizing the court to imprison each for a period not exceeding his original sentence.

September 21, 1936, petitioner, asserting that he was illegally committed to the Western Penitentiary of Pennsylvania to serve a sentence for the crime of breaking out of that prison, applied to the highest court of the State for a writ of *habeas corpus.* The court granted a rule to show cause and, after hearing counsel for the parties, held petitioner lawfully sentenced and discharged the rule. 325 Pa. St. 305; 188 Atl. 841. The petition for writ of certiorari asserts that this decision conflicts with *State* v. *Lewin,* 53 Kan. 679; 37 P. 168; *In re Mallon,* 16 Idaho 737; 102 P. 374; and *State* v. *Johnsey,* 46 Okla. Cr. App. 233; 287 P. 729. The statutes condemned in the Kansas and Idaho cases differ essentially from the Pennsylvania statute upheld in this case. Finding conflict between the decision below and that in the Oklahoma case, we granted the writ. Judicial Code, § 237 (b); 28 U. S. C., § 344 (b).

The challenged provision, found in the Act of March 31, 1860, P. L. 382, declares (§ 3) that "if any prisoner

imprisoned in any penitentiary . . . upon a conviction for a criminal offense . . . shall break such penitentiary . . . such person shall be guilty of a misdemeanor, and upon conviction of said offense, shall be sentenced to undergo an imprisonment, to commence from the expiration of his original sentence, of the like nature, and for a period of time not exceeding the original sentence, by virtue of which he was imprisoned, when he so broke prison and escaped. . . ."

In 1929, petitioner pleaded guilty of the crimes of burglary and larceny and was sentenced to the Western Penitentiary for a term of from three to six years. In December, 1931, he broke out, and, after capture and conviction, was sentenced to imprisonment for a term of the same length as, and to commence at the expiration of, the original sentence.

To illustrate the inequalities between sentences permissible under the challenged provision, petitioner emphasizes the fact that, if two or more convicts escape together under the same circumstances, they may be sentenced for different terms. In fact, the record shows that petitioner escaped simultaneously with one McCann and that upon conviction for the same crime the latter was sentenced to serve a term equal to his original sentence, from one to two years.

But the fact that terms of imprisonment may differ as do original sentences does not warrant condemnation of the statute. The law has long recognized a relation between punishment for breach of prison and the offense for which the prisoner is held, and it has more severely punished prison breaking by one undergoing imprisonment for grievous crime than if done by one held for a lesser offense. Prior to the statute *de frangentibus prisonam* of 1 Edw. II (1307) every prison breaking by the offender himself, whatever the crime for which he was committed, was a felony, punishable by "judgment of life

or member." This severity was mitigated by the statute. It forbade that judgment unless the breaking was by one committed for a capital offense.[1] Breach and escape by one held for felony continued to be dealt with as felony; but, if committed by one confined for an inferior offense, was punishable as a high misdemeanor by fine and imprisonment.[2] In harmony with that idea a number of States deal with that offense more severely when committed by one imprisoned for a heinous offense or a long term.[3] Indeed, this Court has sustained classification for punishment of crimes by convicts upon the basis of the sentences being served at the time. In *Finley* v. *California*, 222 U. S. 28, it held that a statute prescribing the death penalty for the commission by life prisoners of assaults with intent to kill, lesser punishments being laid upon other convicts, was not repugnant to the equal protection clause.

The principle is similar to that under which punishment of like crimes may be made more severe if committed by ex-convicts. Persistence in crime and failure

---

[1] "That none from henceforth that breaketh prison shall have judgment of life or member for breaking of prison only, except the cause for which he was taken and imprisoned did require such judgment, if he had been convict thereupon according to the law and custom of the realm, albeit in times past it hath been used otherwise."

[2] See IV Blackstone, p. 130; I Hale's Pleas of the Crown, c. 54; II Hawkins' Pleas of the Crown, c. 18; II Wharton Criminal Law (12th ed.) § 2019. *Rex* v. *Haswell*, R. & R. 458. *Commonwealth* v. *Miller*, 2 Ashm. (Pa.) 61. Cf. *Rex* v. *Fell*, 1 Ld. Raym. 424; *Kyle* v. *State*, 10 Ala. 236; *Commonwealth* v. *Homer*, 5 Metc. 555, 558.

[3] Arizona, Revised Code 1928, § 4539. Connecticut, Gen. Stats. (1930 Revision) §§ 6173, 6175. Idaho, Code 1932, Title 17, §§ 803, 804. Indiana, Annotated Statutes, 1933, § 10–1807. Maine, Revised Statutes, 1930, c. 133, § 16; c. 152, § 45. Minnesota, Mason's Statutes, 1927, § 10007. New York, Penal Law, § 1694. North Dakota, Compiled Laws 1913, § 9351. Washington, Remington's Revised Statutes, § 2342. Wisconsin, Statutes 1935, §§ 346.40, 346.45.

of earlier discipline effectively to deter or reform justify more drastic treatment. *Graham* v. *West Virginia,* 224 U. S. 616, 623. *McDonald* v. *Massachusetts,* 180 U. S. 311. *Moore* v. *Missouri,* 159 U. S. 673, 677. *Plumbly* v. *Commonwealth,* 2 Metc. 413, 415. *People* v. *Sickles,* 156 N. Y. 541, 547; 51 N. E. 288. Save as limited by constitutional provisions safeguarding individual rights, a State may choose means to protect itself and its people against criminal violation of its laws. The comparative gravity of criminal offenses and whether their consequences are more or less injurious are matters for its determination. *Collins* v. *Johnston,* 237 U. S. 502, 510. *Howard* v. *Fleming,* 191 U. S. 126, 135–136. It may inflict a deserved penalty merely to vindicate the law or to deter or to reform the offender or for all of these purposes. For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender. His past may be taken to indicate his present purposes and tendencies and significantly to suggest the period of restraint and the kind of discipline that ought to be imposed upon him.

Presumably, the sentence being served at the time of prison breaking was determined upon due consideration of the pertinent facts. The judgment then pronounced is good evidence of the convict's natural or acquired bent of mind and his attitude toward the law and rights of others. The fact that he would and did break prison shows him still disposed to evil and determined to remain hostile to society. And that is sufficient to sustain the classification made by the Pennsylvania statute for punishment of prison breakers on the basis of their original sentences.

*Affirmed.*