## Commonwealth v. Lenhart

Before Coffroth, P.J., and Shaulis, J.
*James R. Cascio, Assistant District Attorney,* for Commonwealth
*Wilbert H. Beachy, 3rd, Public Defender,* for defendant.

COFFROTH, *P. J.,* February 9, 1977 — We are considering defendant's motion in arrest of judgment and for new trial filed following his conviction of the offense of escape under the Crimes Code of December 6, 1972, P.L. 1482, sec. 5121(a), 18 C.P.S.A. §85121, which provides that: "A person commits an offense if he unlawfully removes himself from official detention . . ." Subsection (d) provides, in substance, that if the accused was being detained on a felony charge at the time of escape the offense of escape is a third degree felony, but if he was being detained on some other charge, the offense of escape is a second degree misdemeanor. A third degree felony carries with it authorized punishment of a fine of not more than $15,000 or imprisonment of not more than ten years, or both, whereas a second degree misdemeanor carries a fine of not more than $5,000 or imprisonment of not more than two years, or both. Defendant had been incarcerated on a felony charge when he escaped.

The defense contends that the statute is unconstitutional under the equal protection clause of the

Fourteenth Amendment of the Federal Constitution, because the penalty falls unequally on persons who have committed the same acts, constituting the crime of escape.

There are some subsidiary issues which command attention, so we must first establish the facts concerning defendant's pre-escape incarceration.

## FACTS

Immediately prior to the escape, defendant was incarcerated on two processes:

(1) Defendant was incarcerated in Somerset County jail on an arrest warrant on charges of simple assault (a misdemeanor) and aggravated assault under Crimes Code section 2702(a)(1) (a second degree felony).

(2) As a result of the filing of those assault charges, and the fact that defendant was then on parole in connection with another criminal offense, the State Board of Probation and Parole issued a parole violation detainer on defendant to the sheriff.

At the preliminary hearing on the assault charges, defendant was bound over for court and remanded to the sheriff for want of $10,000 bail. Defendant asserts that he was able to give bail on the assault charges but did not because doing so would not obtain his release by virtue of the parole board detainer on which no bail had been authorized.

Defendant contends that his incarceration at the time of escape was due solely to the parole board detainer which does not constitute an "official detention" within the meaning of section 5121(a) of the Code, and is merely a device for supervisory

control over the conduct of a parolee or probationer. We cannot accept either contention. First, bail was not, in fact, given on the assault charges; had that been done, defendant's detention would rest solely on the parole board detainer. Being able to give bail is not the equivalent of giving it, and the detainer for want of bail is fully operative unless and until bail is given. Second, a detainer issued for alleged violation of probation or parole is in every respect an "official detention," which the subject can escape from and be found guilty of the offense of escape. See Commonwealth v. Tedford, 31 Somerest 137, 140 (1975). These propositions appear self-evident to us, and we find the defense arguments on these points too attenuated. All criminal processes for seizure of the person are devices for the control of human conduct, whether for want of bail or for violation of probation or parole conditions or for extradition or for serving a criminal sentence. See also Crimes Code, section 5121(c).

Nor do we consider the statute unconstitutional. We think the legislature may reasonably consider escape by a felon or an accused felon to be a greater danger and concern to society, and to merit greater punishment, than escape by one accused only of a misdemeanor. Acceptance of that rationale is dispositive of the equal protection argument.

The authorities support our conclusion, if not always our reasoning.

In Commonwealth ex rel. Sullivan v. Ashe, 325 Pa. 305, 188 Atl. 841 (1937), the escape statute provided for punishment of imprisonment for a period of time not exceeding the original sentence, thus allowing differences in punishment for the same escape conduct. The court rejected the constitutional attack, saying, pages 307-08:

"The real question is whether a statute adopts an unreasonable classification when, in providing for the sentencing of persons who commit identical crimes, it authorizes the imposition of a severer sentence upon one who had previously offended more grievously than another. The answer would seem to be obvious. Probably everyday, in every criminal court in the country, judges impose unequal sentences upon defendants who have committed the same offense but where their former records of crime are different. If judges are properly permitted to exercise such discretion, certainly the legislature by a general statute can enact into law the expression of a similar policy.

"The classification effected by the act here under attack is justified. The longer the sentence which is being served by a prisoner, the greater his temptation to seek to escape, and the greater therefore the penalty which must be imposed in order to act as an effective deterrent. Furthermore, the breaking from prison of one who is serving a long sentence, and therefore presumably has been guilty of a serious crime, involves a greater potential danger to society than the escape of a petty offender. Against a greater menace society is warranted in seeking a larger measure of protection."

That case went to and was affirmed by the United States Supreme Court in Pennsylvania ex. rel. Sullivan v. Ashe, 302 U.S. 51, 53, 82 L.Ed. 43 (1937). There, the court said, at pages 45-6:

"But the fact that terms of imprisonment may differ as do original sentences does not warrant condemnation of the statute. The law has long recognized a relation between punishment for breach of prison and the offense for which the prisoner is held, and it has more severely punished prison breaking by one undergoing imprisonment

for grievous crime than if done by one held for a lesser offense."

Both the above decisions also analogized the case to the principle under which punishment of like crimes can be made more severe if committed by ex-convicts. See 325 Pa. at 308 and 82 L.Ed. at 46.

In Alex v. State, 484 P.2d 677 (Alaska, 1971), the statute classified the offense of escape as a felony or misdemeanor on the basis of the crime for which the escapee was confined. The statute was held constitutional. The court said, at page 685:

"The legislature could reasonably have believed that persons convicted of felonies which are generally more serious crimes than misdemeanors, present a greater threat to the public. Thus, a greater effort to deter their escape may reasonably be made."

The basic principle and rationale of the foregoing decisions are likewise applicable to persons under arrest for felony as compared with those under arrest for some other charge, and control this case.

## ORDER

Now, February 9, 1977, the motions in arrest of judgment and for new trial are denied. Defendant shall be scheduled for sentencing.