## Commonwealth v. Hale

*M. L. Ebert, Jr.*, for Commonwealth.
*Jeffrey A. Sunday*, for defendant.

HOFFER, *J.*, July 31, 1984 — Raymond L. Hale was arrested in November, 1983, for driving with an expired inspection sticker and while his license was suspended as a result of a prior driving under the influence violation. The mandatory sentence for driving while under suspension is a $200 fine, unless the suspension is "because of a violation of section . . . 3731" (relating to driving under influence of alcohol or controlled substance). 75 Pa. C.S. § 1543(b) (pkt. part, 1984). Section 1543(b) provides that the

mandatory sentence for such a §3731-related violation is "a fine of $1,000 and . . . imprisonment for a period of not less than 90 days." Defendant Hale charges that the mandatory sentencing provision of §1543(b) violates his right to equal protection and provides a sentence that amounts to cruel and unusual punishment.

## EQUAL PROTECTION CHALLENGE

Defendant Hale relies heavily on a case we decided last year, Commonwealth v. Jumper, 33 Cumberland L.J. 559 (1983), for the proposition that purely arbitrary distinctions among classes that implicate important individual rights violate the equal protection provided by both the state and federal constitutions. We, of course, agree. But Jumper is in no way determinative of the instant case. In Jumper we found completely arbitrary the distinction between a nonmotorist who negligently causes the death of another by a careless act and a motorist who similarly causes the death of another by inadvertently running a red light. Both acts are the result of pure inattention. The underlying acts of ordinary negligence can in no way be deterred; yet the differing consequences in light of the homicide by vehicle statute are drastic.

No parallels can be drawn between the instant case and Jumper. In Jumper we found no legitimate legislative goal that could be furthered by the application of the homicide by vehicle statute. Here, the legislature's goal is clearly legitimate; the legislature wished to enforce the license suspension for a DUI offense with more rigor because of the great severity of a DUI offense in comparison with other offenses that result in suspension. The classification of offenders under §1543 into those whose suspension was a result of a DUI offense and those who

lost their licenses for some other reason is thus not arbitary. The legislature was simply continuing its policy of imposing greater penalties on those who needlessly endanger the lives of others by choosing to drive while intoxicated.

While §1543 bears no similarity to the statute challenged in Jumper, it is directly parallel to an old Pennsylvania statute providing penalties for jail-breaking commensurate with the length and severity of the sentence being served at the time of the escape.* That statute was declared constitutional in the face of an equal protection challenge by both the Pennsylvania Supreme Court and the Supreme Court of the United States. Commonwealth ex rel. Sullivan v. Ashe, 325 Pa. 305, 188 A. 841, affirmed, 302 U.S. 51 (1937). The United States Supreme Court wrote in that case:

"But the fact that terms of imprisonment may differ as do original sentences does not warrant condemnation of the statute. The law has long recognized a relation between punishment for breach of prison and the offense for which the prisoner is held, and it has more severely punished prison breaking by one undergoing imprisonment for grievous crime than if done by one held for a lesser offense." 302 U.S. at 53. The Court continued:

"For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and

---

* Act of March 31, 1860, G.L. 382, §3. The statute read: "if any prisoner . . . shall break such penitentiary . . . such person shall be guilty of misdemeanor and shall be sentenced to undergo imprisonment, to commence from the expiration of his original sentence, of the like nature, and for a period of time not exceeding the original sentence, by virtue of which he was imprisoned, when he so broke prison and escaped. . . ."

that there be taken into account the circumstances of the offense together with the character and propensities of the offender. His past may be taken to indicate his present purposes and tendencies and significantly to suggest the period of restraint and the kind of discipline that ought to be imposed upon him." Id. at 55. Section 1543 of the Vehicle Code applies the principles of the jail-breaking statute to license suspensions. The legislature in drafting §1543 found a relationship between punishment for driving under suspension and the offense for which the license was suspended. The prior DUI offense is considered an aggravating circumstance of the present offense that justifies a significantly increased penalty. In view of the pronouncements of the Pennsylvania Supreme Court and the United States Supreme Court in Sullivan, and in view of the "strong presumption of constitutionality inuring to legislative enactments," Commonwealth v. Buggy, 33 Cumberland L.J. 513 (1983), we cannot find that §1543 violates any equal protection principles.

## CRUEL AND UNUSUAL PUNISHMENT CHALLENGE

Defendant Hale also complains that the mandatory 90-day sentence and $1,000 find under §1543(b) is cruel and unusual punishment. According to our Supreme Court, a penalty is cruel and unusual only when it is "an excessive and unnecessary punishment disproportionate to the crime" and when it "shock[s] the moral conscience of the community." Commonwealth v. Sourbeer, 492 Pa. 17, 33, 422 A.2d 116, 123 (1980). Defendant has given us no reason to find the penalties of §1543(b) excessive, unnecessary, or shocking to the conscience. We therefore bow to the presumption of constitu-

tionally and hold that the sentencing provisions of §1543 are in no way cruel and unusual.

## ORDER OF COURT

And now, this July 31, 1984, for the reasons appearing in the opinion filed this date, defendant's pretrial motion to dismiss charges is hereby denied.