STATE of Minnesota, Plaintiff,

v.

Brenda Kay CLAUSEN, Defendant.

No. C0–92–1042.

Supreme Court of Minnesota.

Dec. 11, 1992.

Michael O. Freeman, Hennepin Co. Atty., Beverly J. Wolfe, Asst. Co. Atty., Minneapolis, and Hubert H. Humphrey, Atty. Gen., St. Paul, for plaintiff.

Frederic Bruno, Minneapolis, for defendant.

Margaret H. Chutich, Special Asst. Atty. Gen., St. Paul, for amicus curiae Minnesota Atty. Gen.

John M. Stuart, Minnesota Public Defender, Charlann Winking, Spec. Asst. Public Defender, Minneapolis, amicus curiae State Public Defender.

YETKA, Justice.

Respondent was convicted in Hennepin County District Court on two counts: Count I, third-degree possession of a controlled substance, Minn.Stat. § 152.023, subd. 2(2) (1990), and Count II, third-degree possession with an intent to sell a controlled substance, Minn.Stat. § 152.023, subd. 2(3) (1990). While respondent was convicted on both counts, the trial court subsequently dismissed the conviction on Count I by finding the statute unconstitutional as applied. The district court then submitted the following certified question concerning the constitutionality of Minn. Stat. § 152.023, subd. 2(2). Review was accelerated to this court for decision.

The certified question is:

Does Minn.Stat. § 152.023, subd. 2(2) (1990) contain, as an element of the offense, an unstated, irrebuttable presumption of "intent to sell"? If it does contain an irrebuttable presumption, does the statute violate the federal or state due process clauses?

We answer the certified question in the negative and find no violation of either the state or federal Constitutions.

The facts leading to arrest and conviction as found by the trial court are as follows:

The stipulated facts underlying this action are not in dispute. On September 18, 1992, a search warrant was issued authorizing the search of the defendant, her vehicles and her work station at Starkey Labs. On September 19, 1991, Eden Prairie Police Detective John Conley observed the defendant driving the Jeep identified in the search warrant. Officer Conley followed defendant's vehicle until it eventually came to a stop in a bank parking lot. The officer approached and removed the defendant.

The vehicle was then searched. A plastic baggie containing a white powder substance was found inside a purse. In addition the officers discovered a second baggie and two paper bindles containing a white powdered substance. A gram scale was also found.

Subsequent testing of the substances determined that the first baggie contained 15.2 grams of cocaine. The second baggie contained 4.5 grams of cocaine. The bindles contained .42 grams of cocaine.

Based upon this seizure, defendant was charged with Count I, violation of Minn.Stat. Sec. 152.023, Subd. 2(2), which provides:

A person is guilty of controlled substance crime in the third degree if:

(2) the person unlawfully possesses one or more mixtures of a total weight of ten grams or more containing a narcotic drug.

Defendant was also charged with Count II, violation of Minn.Stat.Sec. 152.023, Subd. 2(3), which provides:

A person is guilty of controlled substance crime in the third degree if:

(3) the person unlawfully possesses one or more mixtures containing a narcotic drug with the intent to sell it.

A conviction under Count I requires defendant to serve an executed sentence of 48 months under the Minnesota Sentencing Guidelines. Ironically, a conviction under Count II calls for a stayed 24 month sentence.

Trial Court Order and Memorandum at 3–4, *State v. Clausen*, (4th Jud.D.Ct. Mar. 26, 1992) (No. 91069103).

The trial court then held the statute unconstitutional, basing its judgment on language from *State v. Russell*, 477 N.W.2d 886 (Minn.1991).

In *Russell*, this court answered a certified question by holding that Minn.Stat. § 152.023, subd. 2(1) (1990), as it is applied, violated the equal protection clauses of the fourteenth amendment of the United States Constitution and Minn. Const. art. 1, § 2 because it had a discriminatory impact on black persons. *Id.* at 887. The court so ruled because Minn.Stat. § 152.023, subd. 2 (1990) stated that a person is guilty of a third-degree controlled substance offense if he or she possessed three or more grams of crack or ten or more grams of cocaine powder. Evidence showed that blacks were more common users of crack and whites of powder. Because the weight requirement was lower for crack than powder, the court ruled that the statute had a discriminatory impact on blacks and violated equal protection. *Id.*

Although the certified question in *Russell* was whether the statute violated equal protection, at the end of the opinion, the court discussed the due process implications of the statutory scheme.

Lastly, the crack-cocaine classification, while perhaps aimed at the legitimate purpose of eradicating street level drug dealers, employs an illegitimate means to achieve that purpose. The legislature determined that three grams of crack and ten grams of powder indicate a level at which dealing, not merely using, takes place. Once possession of the indicated amounts is proved, intent to sell is presumed, justifying a harsher penalty than that for mere possession. In effect, the statute punishes a person for possession with intent to sell without requiring the prosecution to prove, as an element of the crime, that an actual sale was intended, thus creating an irrebuttable presumption of fact. Leavenworth, Note, *Illegal Drugs and New Laws*, 16 Wm. Mitchell L.Rev. 499, 526 (1990). This

court has recognized that statutes creating conclusive presumptions of law or fact have been almost uniformly declared unconstitutional as denying due process of law. *State v. Kelly*, 218 Minn. 247, 250, 15 N.W.2d 554, 557 (1944). Because the statute creates an irrebuttable presumption of intent to sell without affording the defendant an affirmative defense of lack of intent to sell, and on the basis of that presumption automatically metes out a harsher punishment, the means chosen to effect its purposes are constitutionally suspect.

*Id.* at 891. It is this language that the trial court in this case relied on to declare Minn. Stat. § 152.023, subd. 2(2) unconstitutional as violating due process. On appeal, the state argues that this language is dictum, and respondent argues that it is an alternative holding.

■ Respondent argues that Minn.Stat. § 152.023, subd. 2(2) violates the due process clauses of the United States Constitution and the Minnesota Constitution by creating an unstated, irrebuttable presumption that a defendant convicted of possessing 10 or more grams of cocaine has the criminal intent to sell cocaine. The trial judge agreed with respondent's contention and held that the statute in question violated the due process clauses of the U.S. Const. amend. XIV, § 1 and Minn. Const. art. 1, § 2.

■ This court is "ordinarily loathe to intrude or even inquire into the legislative process on matters of criminal punishment * * *." *Russell*, 477 N.W.2d at 888, n. 2. A party challenging the constitutionality of a statute "bears the very heavy burden of demonstrating * * * that the statute is unconstitutional." *State v. Merrill*, 450 N.W.2d 318, 321 (Minn.1990). Respondent thus carries the heavy burden of proving to our satisfaction that Minn.Stat. § 152.023, subd. 2(2) violates the due process clauses of both U.S. Const. amend. XIV, § 1 and Minn. Const. art. 1, § 2.

Section 1 of the fourteenth amendment to the United States Constitution reads:

All persons born or naturalized in the United States, and subject to the jurisdic-

tion thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

An excellent analysis of the grounding behind federal due process of law in the context of judicial proceedings is contained in Justice Harlan's concurrence in *In re Winship*, 397 U.S. 358, 370, 90 S.Ct. 1068, 1075–76, 25 L.Ed.2d 368 (1970) (Harlan, J., concurring). Justice Harlan states that due process of law has come to be represented by standards of proof and that the choice of standard of proof for particular types of adjudications "reflect[s] a very fundamental assessment of the comparative social costs of erroneous factual determinations." *Id.*

> In a civil suit between two private parties for money damages, for example, we view it as no more serious in general for there to be an erroneous verdict in the defendant's favor than for there to be an erroneous verdict in the plaintiff's favor. A preponderance of the evidence standard therefore seems peculiarly appropriate * * *.

> In a criminal case, on the other hand, we do not view the social disutility of convicting an innocent man as equivalent to the disutility of acquitting someone who is guilty. * * *

> In this context, I view the requirement of proof beyond a reasonable doubt in a criminal case as bottomed on a fundamental value determination of our society that it is far worse to convict an innocent man than to let a guilty man go free.

*Id.* at 371–72, 90 S.Ct. at 1076–77. The Supreme Court thus held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Id.* at 364, 90 S.Ct. at 1073 (opinion of the court).

The *Winship* doctrine of requiring the state to prove beyond a reasonable doubt every element of the offense has been narrowed by the Supreme Court in recent years. First, the Court stated that the due process clause only requires the "prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged," but does not require the prosecution to shoulder the burden of proving the failure of an affirmative defense. *Patterson v. New York*, 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977) (emphasis added). The Court has also held constitutional a Pennsylvania statute which provides that anyone convicted of certain enumerated felonies is subject to a mandatory minimum sentence if the sentencing judge finds, by a preponderance of the evidence, that the person "visibly possessed a firearm" during the commission of the offense. *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).

The *McMillan* court held that *Winship* did not apply because "visible possession of a firearm is not an element of the crimes enumerated in the mandatory minimum sentencing statute * * * but instead is a sentencing factor that comes into play only after the defendant has been found guilty of one of those crimes beyond a reasonable doubt." *McMillan*, 477 U.S. at 85–86, 106 S.Ct. at 2415–16. "We reject the view that anything in the Due Process Clause bars States from making changes in their criminal laws that have the effect of making it easier for the prosecution to obtain convictions." *Id.* at 89, n. 5, 106 S.Ct. at 2418, n. 5.

The Supreme Court has thus technically retained the *Winship* due process doctrine of requiring the prosecution to prove every element of the offense charged beyond a reasonable doubt, but has greatly limited its scope by allowing states to define narrowly criminal offenses in order to necessitate proving fewer elements, *e.g. Patterson*, and by allowing states to add factors

in sentencing even if those factors are not proven beyond a reasonable doubt at trial, *e.g. McMillan.*

These actions have not occurred without protest. In dissent to *McMillan,* Justice Stevens stated that, "[b]ecause the Pennsylvania statute challenged in this case describes conduct that the Pennsylvania Legislature obviously intended to prohibit, and because it mandates lengthy incarceration for the same, I believe the conduct so described is an element of the criminal offense to which the proof beyond a reasonable doubt requirement applies." *Id.,* 477 U.S. at 96, 106 S.Ct. at 2421 (Stevens, J., dissenting). Respondent is effectively making the Stevens' argument in this case. She argues that, because the punishment for possession of 10 grams or more is more severe than the punishment for possession of any amount with intent to sell, the statute must contain an irrebuttable presumption that she intended to sell the cocaine and that the statute, therefore, proscribes conduct which the Minnesota Legislature intended to prohibit and thus requires proof beyond a reasonable doubt of her intent to sell. We disagree.

Although the Stevens' dissent may be intellectually interesting, it is, nonetheless, the minority opinion. We concur with the state that the Supreme Court's statement in *McMillan* that nothing in the due process clause prohibits states from making changes in their criminal laws in order to make convictions easier suggests that the Supreme Court would find Minn.Stat. § 152.023, subd. 2(2) not to violate the fourteenth amendment. In a case frequently cited by other courts facing the issue at hand, the Supreme Court said: "Save as limited by constitutional provisions safeguarding individual rights, a State may choose means to protect itself and its people against criminal violation of its laws. The comparative gravity of criminal offenses and whether their consequences are more or less injurious are matters for its determination." *Pennsylvania v. Ashe,* 302 U.S. 51, 55, 58 S.Ct. 59, 60, 82 L.Ed. 43 (1937).

We next turn to whether the statute in question violates due process as contained in the Minnesota Constitution. "State courts must follow the United States Supreme Court in matters of federal constitutional law. They are free to interpret their own law, however, so as to provide greater protection for individual rights than that which the federal Constitution minimally mandates." *Friedman v. Commissioner of Public Safety,* 473 N.W.2d 828, 830 (Minn.1991) (citing *PruneYard Shopping Center v. Robins,* 447 U.S. 74, 81, 100 S.Ct. 2035, 2040–41, 64 L.Ed.2d 741 (1980)). "Rulings which rest on adequate independent state grounds are not subject to review by the United States Supreme Court." *Id.* at 830 (citing *Herb v. Pitcairn,* 324 U.S. 117, 65 S.Ct. 459, 89 L.Ed. 789 (1945) (United States Supreme Court's "only power over state judgments is to correct them to the extent that they incorrectly adjudge federal rights")).

■ The trial judge in the case at hand found the statute to violate due process according to Minn. Const. art. 1, § 2. Article 1 of the Minnesota Constitution contains the Bill of Rights, and the title of section 2 is "Rights and Privileges." Section 2 reads:

> No member of this state shall be disfranchised or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land or the judgment of his peers. There shall be neither slavery nor involuntary servitude in the state otherwise than as punishment for a crime of which the party has been convicted.

The trial judge determined that this clause contained the Minnesota due process guarantee, but his basis for this determination is unclear. In *Russell,* the Minnesota Supreme Court applied article 1, section 2 to strike down the crack/cocaine differential classification as violating equal protection, but we are asked here to find that Minnesota's controlled substance laws violate due process pursuant to the same clause. We decline to apply article 1, section 2.

We deem article 1, section 7 more appropriate. Article 1, section 7 is entitled "Due process; prosecutions; second jeopardy; self-incrimination; bail; habeas corpus." It reads:

No person shall be held to answer for a criminal offense without due process of law, and no person shall be put twice in jeopardy of punishment for the same offense, nor be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law.

Article 1, section 7 has been applied by this court to past allegations of due process violations.

We take it no one disputes the rule that a criminal statute must be definite as to persons within the scope of the statute and the acts which are penalized, and if the criminal statute is not definite, the due process clauses of Minn. Const. art. 1, § 7, and of U.S. Const. Amends. V and XIV, whichever may be applicable, are violated.

*State v. Moseng*, 254 Minn. 263, 268, 95 N.W.2d 6, 11 (1959). As this court has applied section 7 of article 1 to due process challenges in the past, we will also apply section 7, not section 2, to today's due process challenge,.

■ The state urges that the statute be upheld as being rationally related to the achievement of legitimate governmental purposes. This is not the law of due process in Minnesota. In Minnesota, due process " 'requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.' " *State v. Newstrom*, 371 N.W.2d 525, 528 (Minn. 1985) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)). In other words, to pass muster under a due process examination, Minn.Stat. § 152.023, subd. 2(2) must (a) provide sufficient notice and (b) not be arbitrary or discriminatory in its enforcement.

Both parties agree that the statute provides adequate notice that possession of 10 or more grams of cocaine will be punished as a third-degree controlled substance offense and that such punishment is not discriminatory. This statute can only be held unconstitutional, therefore, if it is arbitrary in its enforcement. We hold that Minn. Stat. § 152.023, subd. 2(2) (1990) is not arbitrary in its enforcement.

■ Respondent argues that Minn.Stat. § 152.023, subd. 2(2), as applied, creates an irrebuttable presumption that someone possessing 10 grams of cocaine is a drug dealer and that such irrebuttable presumption violates her due process rights. Respondent bases her argument on *State v. Kelly*, 218 Minn. 247, 15 N.W.2d 554 (1944). In *Kelly*, the statutory presumption that "[t]he finding of any such intoxicating liquors in the possession of any person, by means of search warrant shall be prima facie evidence that such person had possession of such liquors for the purpose of selling * * * the same without first having obtained license therefor" was ruled unconstitutional as denying due process of law. *See id.* at 264, 15 N.W.2d at 563; Minn. Stat. § 340.66 (1941); Mason Stat.Supp. § 3200–82 (1940). The problem with this argument is that Minn.Stat. § 152.023, subd. 2(2) does not discuss a presumption. The statute deals only with the possession of a controlled substance, not an intent to sell. It is a proper legislative prerogative to bar certain controlled substances and hold that their possession is illegal. Creation of degrees of punishment based on possession of greater amounts of controlled substances is an equally valid legislative action. We, therefore, hold that the legislature has not created an arbitrary enforcement of the controlled substance statutes by providing for more severe punishment for defendants convicted of possession of greater amounts.

The dicta in *Russell* is inapplicable to the case at hand. Both parties agreed at oral argument that the statutes and sentencing guidelines have been amended since *Russell* to correct the invalidity found in that case. Thus, we reverse the trial court and reinstate the conviction on Count I and remand for sentencing.

The only problem we see in this case is the appropriate sentence to be imposed for

conviction of Count I. While we do not presume to tell the trial court what to do, it does seem incongruous to us to impose a heavier sentence for Count I for mere possession than for Count II, which requires an intent to sell under the particular facts of this case. We are sure the trial court will take this under proper consideration on resentencing.

The conviction of Count I is reinstated; the case is remanded to the trial court for sentencing.

COYNE, Justice (concurring specially).

Inasmuch as we hold that the comparative gravity of criminal offenses and whether their consequences are more or less injurious are matters for the legislature's determination, I see nothing incongruous in the imposition of a heavier sentence for possession of 10 grams or more of a mixture containing a narcotic drug than for the unlawful possession with intent to sell of a mixture containing any amount of a narcotic drug.

Accordingly, although I concur with the decision to reverse the trial court and reinstate the conviction on Count I, I would remand for sentencing without further comment upon the appropriateness of the presumed sentences pursuant to the Minnesota Sentencing Guidelines.