RUCKER, Justice,
dissenting.
I agree with the trial court that given the circumstances caused by the long delay in this case, Azania’s constitutional rights to a speedy trial and due process would be violated if the State continues to seek a death sentence. A part of the due process violation includes Azania’s Eighth Amendment right to present meaningful evidence in mitigation. His inability to do so is of itself sufficient to preclude the State from seeking the death penalty. Therefore I dissent.
The defendant’s goal at the penalty phase of a capital trial is quite simple: to save his or her life. To accomplish this end a defendant’s social history, relevant psychological history, and any other evidence the defendant deems relevant are generally introduced through family members, friends, associates, co-workers, and others. The defendant hopes that by accumulating relevant facts and stacking them *1014 against the weight of the aggravating circumstances of the crime the senteneer will find the defendant is deserving of a term of years rather than the ultimate sanction.
It is through this process, the presentation of the mitigation case, that an individualized judgment is attained.[1] And it is the individualized judgment that ultimately saves capital punishment from constitutional invalidity under the Eighth and Fourteenth Amendments.[2]
Plurality opinions in five death penalty cases decided on the same day in 1976 first recognized the capital defendant’s Eighth Amendment right to present mitigating evidence. Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976) (plurality opinion); Woodson v. North Carolina, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976) (plurality opinion); Jurek v. Texas, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976) (plurality opinion); Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976) (plurality opinion); Gregg, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (plurality opinion). Building upon the Woodson foundation, a plurality of the Supreme Court held in Lockett v. Ohio, 438 U.S. 586, 604-05, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), that the Eighth and Fourteenth Amendments require the sentencer not to be precluded from considering, as a mitigating factor, any aspect of a defendant’s character or any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death. Exclusion of such evidence was observed to “create[] the risk that the death penalty will be imposed in spite of factors which may call for a less severe penalty.” Id. at 605, 98 S.Ct. 2954. Subsequently, a majority of the Court clearly embraced Lockett’s holding in Eddings v. *1015 Oklahoma, 455 U.S. 104, 113-14, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). The corollary-rule that the senteneer may not refuse to consider or be precluded from considering any relevant mitigating evidence is equally undisputed. Skipper v. South Carolina, 476 U.S. 1, 4, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986). The Supreme Court now articulates its mitigation jurisprudence in part as follows: “In aggregate, our precedents confer upon defendants the right to present sentencers with information relevant to the sentencing decision and oblige sentencers to consider that information in determining the appropriate sentence.” Marsh, 126 S.Ct. at 2525. Indiana’s death penalty sentencing scheme also provides for the individualized consideration of mitigating factors required by the Eighth and Fourteenth Amendments and comports with the United States Supreme Court’s holdings by allowing the sentencing court to consider as mitigating “any other circumstance appropriate for consideration.” Moore v. State, 479 N.E.2d 1264, 1277 (Ind.1985) (citing Ind.Code § 35-50-2-9(c)(7) (1977)).
This case presents the unusual situation where a defendant for all practical purposes is precluded from presenting mitigation evidence due to the passage of twenty-six years since the commission of the crime in 1981. An experienced trial judge, who acknowledged that he is “supportive of Indiana’s Death Penalty law and believes that the Death Penalty is an appropriate sanction to be imposed in appropriate circumstances,” nonetheless found that in this case Azania’s right to “present his mitigation case would be severely prejudiced by delay between his conviction and sentencing if the State were allowed to proceed with the Death Penalty.” Appellant’s App. at 930. I would defer to the trial court.
Multiple mitigation witnesses are now deceased, including: Azania’s mother, pri- or spiritual advisor, and people with whom he worked prior to his arrest. Azania points to these mitigation witnesses as necessary to explain his character and “extreme disadvantage and worthy habits and accomplishments.” Br. of Appellee at 12. No matter how inconsequential their testimony might seem to this Court against the heinous crime of killing an officer while committing a bank robbery, that is not for us to decide. The defendant has a right to present all relevant mitigating evidence, which is spoken of in the most expansive terms to mean all “evidence which tends logically to prove or disprove some fact or circumstance which a fact-finder could reasonably deem to have mitigating value.” Tennard v. Dretke, 542 U.S. 274, 284, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004) (citations omitted). The question is simply whether the evidence might serve as a basis for a sentence less than death. Id. at 287, 124 S.Ct. 2562. “Once this low threshold for relevance is met, the Eighth Amendment requires that the jury be able to consider and give effect to a capital defendant’s mitigating evidence.” Id. at 285,124 S.Ct. 2562 (citations omitted).
The State in its brief recognizes that the unavailability of witnesses is problematic, but points to the availability of prior testimony that can be presented to the new jury as a mechanism to lessen the prejudice suffered by the passage of time. Amended Br. of Appellant at 15-16. Granted, criminal defendants who prevail in a delayed appeal will ordinarily have a complete and reliable record of the full-fledged adversarial proceeding in which they have been convicted, albeit under circumstances requiring reversal. United States v. Mohawk, 20 F.3d 1480, 1488 (9th Cir.1994). Such an appellant has this former testimony as a means of combating or at least identifying any prejudice upon the prospect of retrial that might arise from the passage of time. Id. To the extent the State refers to the 1982 trial record as *1016 helpful to Azania in any future mitigation phase, this record is deficient given our ruling that counsel was ineffective in presenting the mitigation case. Indeed we observed that counsel did little more than place Azania’s mother on the stand and let her give an unguided colloquy in response to the question of whether there was anything she wanted to tell the court. Aver-hart v. State, 614 N.E.2d 924, 980 (Ind. 1993). Apparently some mitigation evidence was presented in the 1996 trial. See Azania v. State, 730 N.E.2d 646, 652 (Ind. 2000) (noting that the defendant presented evidence and proved the existence of four mitigators). However, we do not, due to the death of these witnesses, know what more Azania’s witnesses could tell us that could have a mitigating value beyond what was explored in 1996. Again, the threshold is low, and the Supreme Court has made clear that “[a]ny barrier [to the sen-tencer’s consideration of relevant mitigation in capital cases] must ... fail.” McKoy v. North Carolina, 494 U.S. 433, 442, 110 S.Ct. 1227, 108 L.Ed.2d 369 (1990). When the Supreme Court held that a defendant has a constitutional right to the consideration of mitigating factors, it “clearly envisioned that that consideration would occur among sentencers who were present to hear the evidence and arguments and see the witnesses.” Caldwell v. Mississippi, 472 U.S. 320, 331, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). I would echo the words of Justice Blackmun:
More than any other decision known to our law, the decision whether to impose the death penalty involves an assessment of the defendant himself, not simply a determination ■ as to the facts surrounding a particular event. And an adequate assessment of the defendant — a procedure which recognizes the need for treating each defendant in a capital case with that degree of respect due the uniqueness of the individual — surely requires a sentencer who confronts him in the flesh. I therefore conclude that a capital defendant’s right to present mitigating evidence cannot be fully realized if that evidence can be submitted only through the medium of a paper record.
Clemons v. Mississippi, 494 U.S. 738, 771, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) (Blackmun, J. dissenting) (citations omitted).
Having the best available information possible concerning the defendant’s life and character is highly relevant, if not essential, to the selection of an appropriate sentence. Lockett, 438 U.S. at 603, 98 S.Ct. 2954. The consideration of Azania’s mitigation evidence is a constitutionally indispensable part of the process of imposing the death penalty. Brown, 479 U.S. at 541, 107 S.Ct. 837. Thus, I would affirm the trial court’s judgment that under the circumstances of this case, the State is prohibited from seeking the death penalty against this Defendant.

. The Supreme Court has long recognized the desirability of this individualized sentencing scheme in capital cases. Kansas v. Marsh, -U.S.-,-, 126 S.Ct. 2516, 2525, 165 L.Ed.2d 429 (2006) (“The use of mitigation evidence is a product of the requirement of individualized sentencing.”); Gregg v. Georgia, 428 U.S. 153, 189, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) (plurality opinion) ("We have long recognized that for the determination of sentences, justice generally requires that there be taken into account the circumstances of the offense together with the character and propensities of the offender.”) (citations omitted); Williams v. Oklahoma, 358 U.S. 576, 585, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959) (“In discharging his duty of imposing a proper sentence, the sentencing judge is authorized, if not required, to consider all the mitigating and aggravating circumstances involved in the crime.”); Williams v. New York, 337 U.S. 241, 247, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949) ("Highly relevant — if not essential — to [a sentencing judge’s] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant’s life and characteristics.”); Pennsylvania ex rel. Sullivan v. Ashe, 302 U.S. 51, 55, 58 S.Ct. 59, 82 L.Ed. 43 (1937) ("For the determination of sentences, justice generally requires ... that there be taken into account the circumstances of the offense together with the character and propensities of the offender.”).

. California v. Brown, 479 U.S. 538, 541, 107 S.Ct. 837, 93 L.Ed.2d 934 (1987) (Eighth Amendment jurisprudence establishes that the capital defendant generally must be allowed to introduce any relevant mitigating evidence.); Gregg, 428 U.S. at 193-95, 96 S.Ct. 2909 (Mitigating and aggravating factors do provide guidance to the sentencing authority and thereby reduce the likelihood that it will impose a capricious or arbitrary sentence, which is prohibited under the Eighth and Fourteenth Amendments.); Woodson, 428 U.S. at 304, 96 S.Ct. 2978 ("While the prevailing practice of individualizing sentencing determinations generally reflects simply enlightened policy rather than a constitutional imperative, we believe that in capital cases the fundamental respect for humanity underlying the Eighth Amendment requires consideration of the character and record of the individual offender and the circumstances of the particular offense as a constitutionally indispensable part of the process of inflicting the penalty of death.”) (citations omitted).