

# NUMBER 13-09-00031-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**VERONICA CANTU,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                              **Appellee.**

### On appeal from the 148th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Memorandum Opinion by Justice Rodriguez

Appellant Veronica Cantu challenges her sentence of two years' confinement imposed by the trial court after the revocation of her community supervision. By one issue, Cantu complains that the trial court's sentence violates her due process rights under the United States Constitution because the punishment imposed exceeds that which is

necessary to accomplish the sentencing objectives of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 1.02 (Vernon 2003). We affirm.

## I. BACKGROUND

On August 13, 2008, Cantu was convicted by a jury of possession of less than one gram of cocaine, a state jail felony for which the maximum sentence is two years' incarceration and a $10,000 fine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)-(b) (Vernon Supp. 2009); TEX. PENAL CODE ANN. § 12.35(a)-(b) (Vernon Supp. 2009). The trial court assessed punishment at two years' confinement in the State Jail Division of the Texas Department of Criminal Justice (SJD-TDCJ), ordered the sentence suspended and that Cantu be placed on community supervision for two years, and imposed a $500 fine and $140 in restitution.

On December 15, 2008, the State filed a motion to revoke Cantu's community supervision, alleging that Cantu violated the conditions of her probation by: (1) committing the offense of assault on September 30, 2008; (2) failing to report to her probation officer as directed; (3) failing to report her change of address, job, or job status to her probation officer within twenty-four hours; and (4) failing to make payments on the fine, restitution, and monthly supervision fee assessed as part of her punishment. The trial court held a hearing on the State's motion, at which Cantu pleaded "true" to all violations alleged by the State except for committing assault. The trial court found Cantu had committed all violations, including assault, and ordered the prior punishment assessed by the trial court—two years' confinement in the SJD-TDCJ—to be given full force and effect. Cantu appeals from that sentence.

## II. DISCUSSION

By her sole issue, Cantu contends that her due process rights were violated by a sentence that was more harsh than necessary to accomplish the sentencing objectives of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 1.02. However, Cantu fails to explain exactly how her due process rights were implicated by the trial court's assessment of punishment. *See* TEX. R. APP. P. 38.1(i) (providing that an appellant's brief must "contain a clear and concise argument for the contentions made"). Moreover, Cantu provides no authority, and we find none, that supports her apparent arguments that (1) Texas's sentencing objectives are linked to the vague federal due process violation she claims, or (2) a sentence within the statutory range of punishment can violate or even implicate the sentencing objectives promulgated by the Legislature.

"Save as limited by constitutional provisions safeguarding individual rights, a State may choose means to protect itself and its people against criminal violation of its laws. The comparative gravity of criminal offenses and whether their consequences are more or less injurious are matters for its determination." *Pennsylvania v. Ashe*, 302 U.S. 51, 55-56 (1937); *see Crawley v. State*, 513 S.W.2d 62, 66 (Tex. Crim. App. 1974) (holding that "[i]t is within the power of the State to define as criminal conduct whatever acts it sees fit, so long as such acts bear some reasonable relation to the needs of society and the safety and general welfare of the public."). Based on the record and argument before us, we cannot conclude that the trial court's decision, upon revocation of Cantu's community supervision, to give full force and effect to the two-year sentence originally imposed in the judgment of

3

conviction is contrary to the sentencing objectives of the Texas Penal Code. *See Ashe*, 302 U.S. at 55-56; *see also* TEX. PENAL CODE ANN. § 1.02. Cantu's sole issue is overruled.[1]

### III. CONCLUSION

The judgment of the trial court is affirmed.


NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of April, 2010.

---

[1]To the extent Cantu challenges her sentence in light of the facts established at her revocation hearing, we construe that argument as a challenge to the sufficiency of the evidence supporting her sentence. Because Cantu failed to brief any challenge to the evidence, she has waived that issue on appeal. *See* TEX. R. APP. P. 38.1.