**STATE of Minnesota, Respondent,**

v.

**Robert Peter WETSCH, Appellant.**

**No. C6–93–942.**

Court of Appeals of Minnesota.

Feb. 1, 1994.

Review Denied April 19, 1994.

find that Minn.Stat. § 169.791, subd. 2 is unambiguous and affirm Wetsch's conviction.

## FACTS

Appellant Robert Wetsch was cited for failure to register a car and failure to provide proof of insurance. Following a hearing, the district court found that the proof of insurance statute was unambiguous and that scienter was not an element of the offense. Wetsch then agreed to submit the case for a court trial on stipulated facts. The court found Wetsch guilty of failure to provide proof of insurance and failure to register a car. Wetsch appeals.

## ISSUE

Is Minn.Stat. § 169.791, subd. 2 (1992) ambiguous and therefore a violation of Wetsch's due process rights because it does not state whether scienter is an element of the offense of failure to provide proof of insurance when the driver is the owner of the car?

## ANALYSIS

Interpretation of a statute is a question of law subject to de novo review. *Schumacher v. Ihrke,* 469 N.W.2d 329, 332 (Minn.App.1991). The purpose of statutory interpretation is to give effect to the intent of the legislature. Minn.Stat. § 645.16 (1992). When the words in a statute are clear and unambiguous, a court must give effect to the plain meaning of the language. *Tuma v. Commissioner of Economic Sec.,* 386 N.W.2d 702, 706 (Minn.1986),

Minn.Stat. § 169.791, subd. 2 (1992) provides:

> Every driver shall have in possession at all times when operating a vehicle and shall produce on demand of a peace officer proof of insurance in force at the time of the demand covering the vehicle being operated. If the driver does not produce the required proof of insurance upon the demand of a peace officer, the driver is guilty of a misdemeanor. A person is guilty of a gross misdemeanor who violates this section within ten years of the first of two

Peter E. Karlsson, Moorhead, for appellant.

Todd S. Webb, Asst. Moorhead City Atty., Ohnstad Twichell, P.C., West Fargo, N.D., for respondent.

Considered and decided by ANDERSON, C.J., and KLAPHAKE and PETERSON, JJ.

## OPINION

PETERSON, Judge.

On appeal from his conviction for failure to provide proof of insurance, Robert Wetsch argues Minn.Stat. § 169.791, subd. 2 (1992), the proof of insurance statute, is ambiguous and therefore violates the due process guarantees of the United States and Minnesota Constitutions because it does not state whether scienter is an element of the offense when the driver is the owner of the car. We

prior convictions under this section, section 169.797, or a statute or ordinance in conformity with one of those sections. A driver who is not the owner of the vehicle may not be convicted under this section unless the driver knew or had reason to know that the owner did not have proof of insurance required by this section, provided that the driver provides the officer with the name and address of the owner at the time of the demand or complies with subdivision 3.

Wetsch argues that Minn.Stat. § 169.791, subd. 2 is ambiguous because there is no scienter requirement for the offense of failure to provide proof of insurance when the driver owns the car but there is a scienter requirement for a different offense, failure to provide insurance. *See* Minn.Stat. § 169.797, subd. 2 (1992) (any car owner who operates the car knowing or having reason to know that it has no insurance is guilty of failure to provide insurance). Appellant claims that the legislature could not have intended to make failure to provide proof of insurance a strict liability crime when the more serious offense of failure to provide insurance includes a scienter requirement. Appellant argues that the two statutes should be read in pari materia and that Minn.Stat. § 169.791, subd. 2 should be construed to include a scienter requirement.

"Statutes 'in pari materia' are those relating to the same person or thing or having a common purpose." *Apple Valley Red–E–Mix, Inc. v. State,* 352 N.W.2d 402, 404 (Minn.1984). Such statutes should be construed in light of one another.

*State v. McKown,* 475 N.W.2d 63, 65 (Minn. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 882, 116 L.Ed.2d 786 (1992).

■ Wetsch argues correctly that Minn. Stat. §§ 169.791 and 169.797 both relate to automobile insurance. But this relationship alone does not mean that this court should construe Minn.Stat. § 169.791, subd. 2 to include a scienter requirement. The doctrine of in pari materia is a rule of statutory construction. *McKown,* 475 N.W.2d at 67.

When the words of a statute are unambiguous, we cannot employ the rules of statutory construction to determine the meaning of a statute. *Id.;* Minn.Stat. § 645.16. Further, the rules of statutory construction may not be used to create ambiguity in a statute. *See McKown,* 475 N.W.2d at 67 (statute must be ambiguous before court may employ rules of statutory construction).

■ The language in Minn.Stat. § 169.791, subd. 2 is unambiguous. The statute requires all drivers to produce proof of insurance when requested by a peace officer and makes failure to do so a criminal offense regardless of the driver's intent. Minn.Stat. § 169.791, subd. 2. It then creates an exception for drivers who do not own the car they are driving. *Id.* If these drivers give the officer the name of the car's owner, then they may not be convicted under Minn.Stat. § 169.791, subd. 2 unless they knew or had reason to know that the owner did not have proof of insurance.[1] *Id.*

■ Although Wetsch disagrees with the legislative decision to make failure to provide proof of insurance a strict liability offense while including a scienter requirement for failure to provide insurance, his disagreement does not make Minn.Stat. § 169.791, subd. 2 ambiguous. The legislature has the authority to define criminal offenses. *State v. Merrill,* 450 N.W.2d 318, 321 (Minn.1990), *cert. denied,* 496 U.S. 931, 110 S.Ct. 2633, 110 L.Ed.2d 653 (1990). The legislature need not include a scienter requirement for all offenses. *See id.* (legislature has exclusive power to define what acts constitute a crime); *State v. Neisen,* 415 N.W.2d 326, 329 (Minn.1987) (legislature has power to create strict liability offenses as long as this intent is clear in statute).

Where failure of expression rather than ambiguity of expression concerning the elements of the statutory standard is the vice of the enactment, courts are not free to substitute amendment for construction and thereby supply the omissions of the legislature.

---

1. Neither the driver who owns the car nor the nonowner driver of the car may be convicted under Minn.Stat. § 169.791, subd. 2 if proof of

insurance is provided within the applicable time period. Minn.Stat. § 169.791, subds. 3–4 (1992).

*State v. Moseng,* 254 Minn. 263, 269, 95 N.W.2d 6, 11–12 (1959). As the elements of the offense of failure to provide proof of insurance are defined unambiguously in Minn.Stat. § 169.791, subd. 2, this court will not add a scienter requirement under the guise of statutory construction.

Similarly, the fact that scienter can be an element of the offense of failure to provide proof of insurance for a nonowner driver does not require this court to construe the statute to add a scienter element to the offense when the driver owns the car. Minn. Stat. § 169.791, subd. 1 unambiguously provides that scienter is an element of the offense of failure to provide proof of insurance only when the driver (1) does not own the car and (2) gives the police the name of the car's owner. Given the clear language of the statute, we will not use the rules of statutory construction to add a scienter element to the offense when the driver owns the car. Moreover, it was within the legislature's power to define the offense of failure to provide proof of insurance in this manner. *See Merrill,* 450 N.W.2d at 321 (legislature has power to define criminal offenses).

As the unambiguous language of Minn. Stat. § 169.791, subd. 2 also provides fair notice, this statute does not violate Wetsch's due process rights. Due process requires a penal statute to

> define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.

*Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) *quoted in Merrill,* 450 N.W.2d at 322. Minn.Stat. § 169.791, subd. 2 expressly provides that it is a misdemeanor for anyone to drive a car without proof of insurance. This language gives sufficient notice that a violation of Minn.Stat. § 169.791, subd. 2 is a strict liability offense unless the driver falls within the

nonowner exception later expressed in the statute.

Minn.Stat. § 169.791, subd. 2 also specifically provides that a conviction under its provisions can be enhanced to a gross misdemeanor if the defendant has other convictions for vehicle insurance offenses. This provision gives fair notice to an ordinary person that failure to provide proof of insurance can be a gross misdemeanor.[2]

Wetsch next argues that Minn.Stat. § 169.791, subd. 2 is vague because it does not define the state's burden of proof. As the state argues, however, it always has to prove the elements of a crime beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 361, 90 S.Ct. 1068, 1071, 25 L.Ed.2d 368 (1970). The plain language of Minn.Stat. § 169.791, subd. 2 does not change this burden. As Wetsch claims, the absence of a scienter element may make it easier for the state to obtain a conviction for failure to provide proof of insurance than for the more serious crime of failure to provide insurance. But the fact that there are fewer elements in an offense defined by Minn.Stat. § 169.791, subd. 2 does not violate Wetsch's due process rights because the legislature has the power "to define narrowly criminal offenses in order to necessitate proving fewer elements." *State v. Clausen,* 493 N.W.2d 113, 116 (Minn.1992) (citing *Patterson v. New York,* 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977)).

Finally, Wetsch claims his conviction must be reversed because the district court relied on civil cases with a lesser burden of proof to support its decision. The argument is not persuasive given our de novo review of the district court's decision and the fact that the relevant principles of statutory interpretation also are found in several criminal cases. *See, e.g., McKown,* 475 N.W.2d at 65 (rules of statutory construction, including doctrine of in pari materia, only may be used to interpret ambiguous statutes).

---

**2.** Wetsch provides no support for his claim that using a conviction for a crime involving scienter to enhance a conviction for a strict liability offense violates his due process rights. Since Minn.Stat. § 169.791, subd. 2 clearly defines the behavior for which such enhancement will be

imposed, there is no due process violation. *See Kolender,* 461 U.S. at 357, 103, S.Ct. at 1858 (due process not offended when crime is sufficiently defined so that ordinary person can understand what conduct is prohibited).

## DECISION

Minn.Stat. § 169.791, subd. 2 unambiguously establishes that failure to provide proof of insurance is a strict liability offense when the driver is the owner of the car. The rules of statutory construction, including the doctrine of in pari materia, cannot be used to read a scienter requirement into this unambiguous statute. As the statute unambiguously provides fair notice and does not change the state's burden of proof, Wetsch's due process rights were not violated and his conviction was proper.

**Affirmed.**