**STATE of Minnesota, Respondent,**

v.

**Elsie M. MAYARD, Appellant.**

**No. C3–97–597.**

Court of Appeals of Minnesota.

Jan. 13, 1998.

Review Denied March 19, 1998.

---

Robert Dildine, Minneapolis, for appellant.

Hubert H. Humphrey III, Attorney General, St. Paul, Peg Birk, St. Paul City Attorney, Jill Z. Osterhaus, William L. Brown, Asst. City Attorneys, St. Paul, for respondent.

Considered and decided by LANSING, P.J., and HUSPENI and WILLIS, JJ.

## OPINION

HUSPENI, Judge.

Appellant seeks reversal of her conviction for violating Minn.Stat. § 169.791. Because the stipulated facts establish a violation of the statute, we affirm.

## FACTS

The parties submitted this case to the court on stipulated facts. On June 27, 1996, appellant Elsie Mayard was involved in a traffic accident and was ticketed for failing to provide proof of insurance. Within the statutory timeframe, appellant provided the district court administrator with a document showing insurance coverage from January 1, 1996, until July 5, 1996. At trial the state established that, despite the document appel-

lant produced as "proof of insurance," her insurance had been cancelled on April 5, 1996, and she in fact had no insurance coverage at the time of the accident. Appellant claimed she did not know that her insurance had been cancelled. The state stipulated that appellant's insurance had been cancelled without her knowledge. The jury found appellant guilty of violating Minn.Stat. § 169.791 (1996), a misdemeanor.

## ISSUES

1. Is Minn.Stat. § 169.791, subd. 2, violated when an owner/driver produces a document that shows insurance was in force, but no insurance was actually in force at the time proof of insurance was demanded?

2. Does appellant's conviction violate due process?

## ANALYSIS

### 1. Statutory Construction

 We review de novo this issue of statutory construction based on stipulated facts. *See State v. Wetsch,* 511 N.W.2d 490, 491 (Minn.App.1994), *review denied* (Minn. Apr. 19, 1994). The purpose of statutory construction is to give effect to the legislature's intent. *Id.*

Appellant was convicted of violating Minn. Stat. § 169.791, subd. 2 (1996), which requires:

> Every driver shall have in possession at all times when operating a vehicle and shall produce on demand of a peace officer proof of insurance in force at the time of the demand covering the vehicle being operated. If the driver does not produce the required proof of insurance upon the demand of a peace officer, the driver is guilty of a misdemeanor.

Proof of insurance is defined as

> an insurance identification card, written statement, or insurance policy as defined by section 65B.14, subdivision 2.

Minn.Stat. § 169.791, subd. 1(g) (1996).

 Appellant argues that she should not have been convicted under section

169.791, subd. 2, for failing to have insurance covering her vehicle at the time of the accident, but rather under Minn.Stat. § 169.797, subd. 2 (1996). This statute provides:

> Any owner of a vehicle with respect to which security is required under sections 65B.41 to 65B.71 who operates the vehicle or permits it to be operated upon a public highway, street, or road in this state and who knows or has reason to know that the vehicle does not have security complying with the terms of section 65B.48 is guilty of a crime and shall be sentenced [for a misdemeanor].

*Id.* Appellant urges that the state improperly brought charges against her under the strict liability provisions of section 169.791, subd. 2, rather than under section 169.797, which would have required her to know or have reason to know her vehicle was not covered by insurance.[1]

This court rejected an argument substantially identical to appellant's in *Wetsch.*

> Although [appellant] disagrees with the legislative decision to make failure to provide proof of insurance a strict liability offense while including a scienter requirement for failure to provide insurance, [this] disagreement does not make Minn.Stat. § 169.791, subd. 2 ambiguous. The legislature has the authority to define criminal offenses. The legislature need not include a scienter requirement for all offenses.

*Id.* at 492 (citations omitted).

In effect, appellant asks this court to read a scienter element into section 169.791 by arguing that in providing one of the types of documents listed as proof of insurance under section 169.791, subd. 1(g), she *did* satisfy the strict liability requirements of section 169.791, subd. 2. According to appellant, the separate issue of whether insurance was, in fact, in existence would require scienter. We cannot agree, nor can we make the fine

1. Appellant applies this same argument to Minn. Stat. § 169.793 (1996), which makes it a misdemeanor:

(1) * * * to display * * * an insurance identification card, policy, or written statement knowing or having reason to know that the insurance is not in force * * *.

distinction between "proof" and "ultimate truth" that appellant urges upon us.

Under appellant's interpretation, the statute's requirement of "proof of insurance in force at the time of demand" could actually be met by good faith evidence of insurance that in fact was not in force at the time of demand. However,

> [w]hen the words in a statute are clear and unambiguous, a court must give effect to the plain meaning of the language.

*Id.* at 491. Appellant's statutory construction would add a good-faith exception to the statute that the legislature did not include. Further, her construction would change "proof of insurance" to merely good faith evidence of insurance. Appellant's disagreement with the effect of the statute does not create an ambiguity or allow a good-faith requirement to be added where none exists. *See id.* at 492 (noting legislature has authority to define criminal offenses).

Further, appellant's interpretation would, we believe, eliminate the statutory requirement that the proof be "of insurance in force at the time of demand." Statutes must be interpreted to give effect to all their provisions. Minn.Stat. § 645.16 (1996). Under the plain language of section 169.791, subd. 2, a driver must not only provide one of the documents listed in subdivision 1(g), but also that document must prove that insurance is in force at the time of demand.

In contrasting Minn.Stat. § 169.791, subd. 2 (no scienter required), and Minn.Stat. § 169.797, subd. 2 (scienter required), appellant makes virtually the same argument as that made by the appellant in *Wetsch:*

> [T]he legislature could not have intended to make failure to provide proof of insurance a strict liability crime when the more serious offense of failure to provide insurance includes a scienter requirement. Appellant argues that the two statutes should be read in pari materia and that Minn.Stat. § 169.791, subd. 2 should be construed to include a scienter requirement.

*Id.* In rejecting that argument, this court stated:.

Given the clear language of the statute, we will not use the rules of statutory construction to add a scienter element to the offense * * *. Moreover, it was within the legislature's power to define the offense of failure to provide proof of insurance in this manner.

*Id.* at 493. We acknowledge that a criminal statute's silence on the scienter element does not conclusively mean a legislative intent to eliminate scienter. *See Staples v. United States,* 511 U.S. 600, 606, 114 S.Ct. 1793, 1797, 128 L.Ed.2d 608 (1994) (strict liability crimes are disfavored and presumption is that crimes include mens rea element). Nonetheless, our recognition of section 169.791, subd. 2, as a strict liability crime is based on the legislature's intent as expressed in the plain language of the statute. *See Wetsch,* 511 N.W.2d at 493. Our statutory interpretation is supported by the fact that a violation of this public welfare statute is punished only as a misdemeanor. *Cf. Staples,* 511 U.S. at 615–16, 114 S.Ct. at 1803–04 (recognizing exception for public welfare crimes; also recognizing punishment as factor in determining mens rea requirement and noting that felony offense punishable by ten years in prison would not be interpreted as strict liability crime).

Finally, appellant's reliance on *State v. Fairchild,* 444 N.W.2d 572 (Minn.App.1989), is misplaced. *Fairchild* was decided under a previous version of the statute and involved a question of burden of proof for the offense of operating a motor vehicle without insurance, then codified at Minn.Stat. § 65B.67, subd. 2 (1988). The *Fairchild* court, in reversing appellant's conviction, noted the

> very difficult burden of demonstrating beyond a reasonable doubt that the defendant was in fact operating a motor vehicle without the necessary insurance and that the driver knew or had reason to know he was driving the vehicle without insurance.

*Id.* at 574. Here, however, appellant was convicted of having no proof of insurance in force at the time of demand, a strict liability offense. Her violation of section 169.791, subd. 2, was not used to convict her of a knowing failure to provide insurance coverage as was the case in *Fairchild.*

## 2. Due Process

A criminal statute must (a) define the criminal offense with sufficient definitiveness that ordinary people can understand what conduct is prohibited, and (b) establish adequate guidelines to govern law enforcement.

*State v. Poole,* 489 N.W.2d 537, 541 (Minn. App.1992), *aff'd,* 499 N.W.2d 31 (Minn.1993). Appellant argues that an ordinary person would not understand that her conduct violated section 169.791, subd. 2. We disagree.

The plain language of the statute criminalizes the failure to produce "proof of insurance in force at the time of demand." If a driver in fact has no insurance in force at the time of demand, the statute is violated: a driver cannot produce proof of nonexistent insurance. Nothing in the statute is beyond the understanding of an ordinary person, and the statute does not violate due process. *See Wetsch,* 511 N.W.2d at 493 (holding Minn. Stat. § 169.791, subd. 2, gives sufficient notice of criminal conduct and does not violate due process).

In addition to failure to provide proof of insurance, the legislature created two separate crimes for knowingly driving without insurance and knowingly displaying false evidence of insurance. Acceptance of appellant's argument regarding scienter would establish the same elements of proof for all three crimes. That is not what the legislature intended by defining each of the crimes differently. Nothing in section 169.791, subd. 2, requires scienter. *See id.*

**Affirmed.**