UNITED STATES, Appellee,

v.

Raul FERNANDEZ, III, Specialist Four,
U.S. Army, Appellant.

No. 50,289.
CM 444145.

U.S. Court of Military Appeals.

May 11, 1987.

---

For Appellant: *Captain Kevin T. Lonergan* (argued); *Colonel William G. Eckhardt, Lieutenant Colonel William P. Heaston, Major Edwin D. Selby, Captain Claudio F. Gnocchi* (on brief); *Captain Kathleen A. Vanderboom.*

For Appellee: *Captain Denise K. Vowell* (argued); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Lieutenant Colonel Joseph A. Rehyansky, Captain Howard G. Cooley* (on brief); *Lieutenant Colonel Gary F. Roberson.*

*Opinion of the Court*

COX, Judge:

We granted review of appellant's general court-martial [1] to consider the effect of the convening authority's drug-abuse policy letter on his responsibility to properly and impartially review the sentence awarded in this case.[2] After careful examination, without endorsing the convening authority's administrative methods, we conclude that nothing in this record demonstrates that this convening authority acted improperly in the exercise of his statutory post-trial duties.

As the Commanding General of the 82d Airborne Division, the convening authority issued a policy letter to all battalion commanders characterizing illegal drugs as a "threat to combat readiness." He reminded commanders that "detection and treatment of drug abusers" should "be a primary goal" and expressed his view that the drug problem would not be eliminated until drug trafficking ceased. "[T]o stem the tide of illegal drug distribution," he directed commanders to "work closely" with law enforcement officials "to ferret out drug dealers"; to "consult with" appropriate "trial counsel before initiating any criminal or administrative action against" drug dealers so as to ensure "appropriate legal action"; to educate the troops regarding the adverse effects of drugs; and to "personally screen the names of all court member nominees ... to insure that only the most mature officers and NCO'S ... [would be] detailed for court-martial duty."[3] Before us, appellant asserts that this policy letter indicates a predisposition by the convening authority to punitively discharge him, "regardless of any mitigating circumstances" and that, by way of various inferences,[4] the convening authority was therefore disqualified from impartially performing his post-trial duties. We cannot agree.

■■■ In referring a case to trial, a convening authority is functioning in a prosecutorial role. *Cooke v. Orser*, 12 M.J. 335 (C.M.A. 1982); *United States v. Hardin*, 7 M.J. 399, 404 (C.M.A. 1979). In stark contrast, when he is performing his post-trial duties, his role is similar to that of a judicial officer. *United States v. Boatner*, 20 U.S.C.M.A. 376, 43 C.M.R. 216 (1971). As a matter of right, each accused is entitled to an individualized, legally appropriate, and careful review of his sentence by the convening authority. *United States v. Scott*, 6 U.S.C.M.A. 650, 20 C.M.R. 366 (1956); *United States v. Wise*, 6 U.S.C.M.A. 472, 20 C.M.R. 188 (1955); *see also* Art. 64, Uniform Code of Military Justice, 10 U.S.C. § 864; paras. 86, 88, and 89, Manual for Courts-Martial, United States, 1969 (Revised edition).

1. Pursuant to his guilty pleas, appellant was convicted of two specifications of wrongful possession of marihuana with intent to distribute [the record on page 7 erroneously sets out specification 5 by omitting after the word "marihuana" in line 4 the words "with the intent to distribute the said marihuana" (*see* R.109–110) ]; two specifications of wrongful distribution of marihuana; wrongful possession of cocaine with intent to distribute; wrongful distribution of cocaine; and wrongful possession of marihuana, all violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The date in specifications 3 and 4 was changed from October 7 to November 1. (R.123.) The court-martial order does not reflect this change. That order should be corrected to reflect *ALL* the changes noted here and in the correcting certificate. Appellant's sentence, which was approved by the convening authority on May 12, 1983, included a dishonorable discharge, 10 years' confinement, and total forfeitures. The court below approved the sentence but disapproved the findings of guilty to three of the specifications on multiplicity grounds (*see* n. 6, *infra* ).

2. The issue, as granted in this case, was:
   WHETHER APPELLANT WAS DENIED A PROPER REVIEW OF HIS SENTENCE BY THE CONVENING AUTHORITY'S INELASTIC ATTITUDE TOWARDS DRUG OFFENSES, AS EXPOUNDED IN HIS POLICY LETTER.

3. Unlike *United States v. McClain*, 22 M.J. 124 (C.M.A. 1986), there is no explicit suggestion in this case that "mature personnel" represent a category inclined to more severe punishments.

4. We note that appellate defense counsel's argument before us included, *inter alia*, an undeveloped claim of command influence in the issuance of the policy letter, violative of Article 37, UCMJ, 10 U.S.C. § 837. Suffice it to say, we conclude that this issue was not developed in a manner cognizable for purposes of appellate review. *See Green v. Convening Authority*, 19 U.S.C.M.A. 576, 42 C.M.R. 178 (1970).

A convening authority is disqualified[5] from reviewing and taking action on a case in accordance with Article 60, UCMJ, 10 U.S.C. § 860, if he "sets forth in unmistakable terms" his intent to disregard proper review standards during the post-trial review phase of his duties in order to ensure that a certain result adverse to the criminal element is reached. *United States v. Howard*, 23 U.S.C.M.A. 187, 191, 48 C.M.R. 939, 943 (1974). The presence of an inelastic attitude suggests that a convening authority will not adhere to the appropriate legal standards in the post-trial review process and that he will be inflexible in reviewing convictions because of his predisposition to approve certain sentences. No such attitude is manifested in the record before us.

An examination of the convening authority's policy letter reveals his serious concern about preventing the illegal distribution of drugs in the force under his command. There is, however, no reference to appellant or appellant's case; no showing of prejudgment against appellant; and no explicit indication of an impermissible predisposition to approve punitive discharges in drug-trafficking cases. While the letter states that "the full weight of the military justice system must be brought to bear against these criminals," it also indicates the possibility of "administrative action against an identified drug dealer." The convening authority's direction "[t]hat commanders consult with their designated trial counsel before initiating any criminal or administrative action" implies that the full array of possible dispositions is to be considered in any given case. Thus, the letter taken as a whole indicates a flexible mind regarding the legally appropriate ways in which to deal with drug dealers.

Moreover, it appears that this convening authority did, in fact, perform his post-trial duties in accordance with the advice given to him by his legal advisor. At no time has appellant challenged the correctness or legality of the post-trial review. The staff judge advocate recommended approval of both the findings and sentence, and the convening authority followed that advice.[6]

Regardless of the inferences asserted by appellant, the record here does not demonstrate that the convening authority was clearly predisposed to act in any particular manner in the performance of his post-trial duties. *See United States v. Conn*, 6 M.J. 351 (C.M.A. 1979); *United States v. Howard, supra*. Accordingly, we conclude that he was not disqualified from reviewing this record of trial and taking action under Article 60 of the Uniform Code.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.

5. Disqualification of this convening authority under Article 23(b), UCMJ, 10 U.S.C. § 823(b), was not reasonably raised in this case. *Cf. United States v. Shepherd*, 9 U.S.C.M.A. 90, 25 C.M.R. 352 (1958).

6. It is noted that even though specifications 4 and 6 of the Charge could have been consolidated, they were considered multiplicious for sentencing purposes at trial; accordingly, appellant suffered no sentence prejudice. Although the court below held specifications 1, 3, and 5 multiplicious for findings with corresponding specifications alleging distribution of the same amount of marihuana and cocaine, they were at trial considered multiplicious for sentencing, so upon reassessment of the sentence, that court reaffirmed the sentence. We find no basis for reversing that determination.