**UNITED STATES, Appellee,**

v.

**Calvin R. GREEN, Private,
U.S. Army, Appellant.**

No. 68,099.
CMR 9100634.

U.S. Court of Military Appeals.

Argued May 10, 1993.

Decided Sept. 10, 1993.

For Appellant: *Captain Michael Huber* (argued); *Lieutenant Colonel James H. Weise* and *Major Robin L. Hall* (on brief); *Captain Mark L. Toole.*

For Appellee: *Major Donna L. Barlett* (argued); *Colonel Dayton M. Cramer* and *Lieutenant Colonel Joseph A. Russelburg* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

On March 1 and 27, 1991, appellant was tried by a military judge sitting alone as a general court-martial at Schofield Barracks, Hawaii. Consistent with his pleas, he was found guilty of two specifications of distribution of marijuana and one specification of possession of marijuana with intent to distribute, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The military judge had held that two of the three specifications of wrongful distribution which were originally before the court-martial were multiplicious for findings and thus consolidated the two into one specification of wrongful distribution.[1] Appellant was then sentenced to a bad-conduct discharge, confinement for 13 months, and total forfeitures. On April 11, 1991, the convening authority approved the sentence as adjudged. The Court of Mili-

tary Review affirmed the findings and sentence in an unpublished opinion dated January 30, 1992.

■ On September 14, 1992, this Court specified review of the following issues:

I

WHETHER REFERENCES TO APPELLANT'S RACE IN THE STAFF JUDGE ADVOCATE'S PRETRIAL ADVICE TO THE CONVENING AUTHORITY CREATED A PRESUMPTIVE TAINT OF PREJUDICE AGAINST APPELLANT.

II

WHETHER REFERENCES TO APPELLANT'S RACE IN THE STAFF JUDGE ADVOCATE'S POST–TRIAL RECOMMENDATION TO THE CONVENING AUTHORITY CREATED A PRESUMPTIVE TAINT OF PREJUDICE AGAINST APPELLANT.

We hold that general unexplained references to appellant's race in the staff judge advocate's pretrial advice and post-trial recommendation to the convening authority do not constitute legal error. *Cf. United States v. Brannon*, 33 MJ 179 (CMA 1991) (interlocutory order); moreover, in the absence of a particular showing that appellant was purposefully discriminated against on the basis of his race, we must affirm the findings of guilty and the sentence of his court-martial. *United States v. Brannon*, 34 MJ 9 (CMA 1991) (petition denied). *See generally Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *Woodson v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976).

On February 22, 1991, the staff judge advocate of the 25th Infantry Division (Light) submitted a pretrial advice to the division's Commanding General who was the general court-martial convening authority in appellant's case. The pretrial advice included seventeen personal-data items,

---

1. The Recommendation dated 3 April 1991 erroneously reflects conviction of all three distribution offenses, rather than the two distribution offenses resulting from the consolidation.

such as appellant's rank, age, education, marital status, and awards. In addition, the staff judge advocate identified appellant's race as black. (*See* Appendix A.)

On April 3, 1991, the staff judge advocate submitted a recommendation to the same general court-martial convening authority regarding disposition of appellant's court-martial. The post-trial recommendation included the same personal-data items (except his rank) which were included in the pretrial advice, including the above racial identifier. (*See* Appendix B.) The addendum to the post-trial recommendation, dated April 11, 1991, contains a certification by the acting staff judge advocate that the convening authority considered the staff judge advocate's post-trial recommendation in taking action on the case. The convening authority approved the sentence.

On appeal, appellant argues that the racial group of an accused has no possible relevance to either the decision to refer a case to trial or to the action taken on the results of a court-martial. He further argues that racial identifiers will create an unfair bias in the mind of the convening authority, thus presumptively tainting the convening authority's decisions to the prejudice of the accused.

---

### A

As a prelude to resolving the granted issues, it is necessary to identify the source of the staff judge advocate's authority and responsibility to advise the convening authority. In matters of referral of charges and final action on a court-martial, the staff judge advocate's duties are provided by statute and in the Manual for Courts–Martial.

The pretrial advice of the staff judge advocate is an important statutorily required document which the convening authority must consider prior to referring charges to a general court-martial. Article 34, UCMJ, 10 USC § 834 (1983), sets forth, in pertinent part, the following:

(a) Before directing the trial of any charge by general court-martial, the con-

vening authority shall refer it to his staff judge advocate for consideration and advice. The convening authority may not refer a specification under a charge to a general court-martial for trial unless he has been advised in writing by the staff judge advocate that—

(1) the specification alleges an offense under this chapter;

(2) the specification is warranted by the evidence indicated in the report of investigation under section 832 of this title (Article 32) (if there is such a report); and

(3) a court-martial would have jurisdiction over the accused and the offense.

(b) The advice of the staff judge advocate under subsection (a) with respect to a specification under a charge shall include a written and signed statement by the staff judge advocate—

(1) expressing his conclusions with respect to each matter set forth in subsection (a); and

(2) recommending action that the convening authority take regarding the specification.

If the specification is referred for trial, the recommendation of the staff judge advocate shall accompany the specification.

In addition to these codal requirements, the President has promulgated rules governing the staff judge advocate's pretrial advice to the convening authority. RCM 406, Manual for Courts–Martial, United States, 1984, provides the following:

(a) *In general.* Before any charge may be referred for trial by a general court-martial, it shall be referred to the staff judge advocate of the convening authority for consideration and advice.

\* \* \*

(b) *Contents.* The advice of the staff judge advocate shall include a written and signed statement which sets forth that person's:

(1) Conclusion with respect to whether each specification alleges an offense under the code;

(2) Conclusion with respect to whether the allegation of each offense is warranted by the evidence indicated in the report of investigation (if there is such a report);

(3) Conclusion with respect to whether a court-martial would have jurisdiction over the accused and the offense; and

(4) Recommendation of the action to be taken by the convening authority.

\*    \*    \*

(c) *Distribution.* A copy of the advice of the staff judge advocate shall be provided to the defense if charges are referred to trial by general court-martial.

Similarly, the post-trial recommendation is an important document for the convening authority. Congress has enacted statutory requirements, and the President has promulgated rules, requiring the staff judge advocate to submit a recommendation to the convening authority for his post-trial review and final action. Article 60(d), UCMJ, 10 USC § 860(d) (1986), states:

Before acting under this section on any general court-martial case or any special court-martial case that includes a bad-conduct discharge, the convening authority or other person taking action under this section shall obtain and consider the written recommendation of his staff judge advocate or legal officer. The convening authority or other person taking action under this section shall refer the record of trial to his staff judge advocate or legal officer, and the staff judge advocate or legal officer shall use such record in the preparation of his recommendation. The recommendation of the staff judge advocate or legal officer shall include such matters as the President may prescribe by regulation and shall be served on the accused, who may submit any matter in response under subsection (b). Failure to object in the response to the recommendation or to any matter attached to the recommendation waives the right to object thereto.

RCM 1106(d) was promulgated pursuant to Article 60(d) and provides the following:

*Form and content of recommendation.*

(1) *In general.* The purpose of the recommendation of the staff judge advocate or legal officer is to assist the convening authority to decide what action to take on the sentence in the exercise of command prerogative. The staff judge advocate or legal officer shall use the record of trial in the preparation of the recommendation.

(2) *Form.* The recommendation of the staff judge advocate or legal officer shall be a concise written communication.

(3) *Required contents.* Except as provided in subsection (e) of this rule, the recommendation of the staff judge advocate or legal officer shall include concise information as to:

(A) The findings and sentence adjudged by the court-martial;

(B) A summary of the accused's service record, to include length and character of service, awards and decorations received, and any records of nonjudicial punishment and previous convictions;

(C) A statement of the nature and duration of any pretrial restraint;

(D) If there is a pretrial agreement, a statement of any action the convening authority is obligated to take under the agreement or a statement of the reasons why the convening authority is not obligated to take specific action under the agreement; and

(E) A specific recommendation as to the action to be taken by the convening authority on the sentence.

(4) *Legal errors.* The staff judge advocate or legal officer is not required to examine the record for legal errors. However, when the recommendation is prepared by a staff judge advocate, the staff judge advocate shall state whether, in the staff judge advocate's opinion, corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted under R.C.M. 1105 or when otherwise deemed appropriate by the staff judge

advocate. The response may consist of a statement of agreement or disagreement with the matter raised by the accused. An analysis or rationale for the staff judge advocate's statement, if any, concerning legal errors is not required.

(5) *Optional matters.* The recommendation of the staff judge advocate or legal officer may include, in addition to matters included under subsections (d)(3) and (4) of this rule, any additional matters deemed appropriate by the staff judge advocate or legal officer. Such matters may include matters outside the record.

\* \* \*

(6) *Effect of error.* In case of error in the recommendation not otherwise waived under subsection (f)(6) of this rule, appropriate corrective action shall be taken by appellate authorities without returning the case for further action by a convening authority.

■ The above provisions of law establish no express authority for generally referencing an accused's or convicted servicemember's race. Impliedly, however, race may be a relevant factor in specific cases depending upon the particular purpose for which its consideration is offered. *See generally* Mil.R.Evid. 401 and 402, Manual, *supra.* Thus we conclude that a convening authority is not required to be race-ignorant; he or she is only required to be race-neutral.

### B

■ This Court has previously stated that "[i]n referring a case to trial, a convening authority is functioning in a prosecutorial role." *United States v. Fernandez,* 24 MJ 77, 78 (CMA 1987) (citing *Cooke v. Orser,* 12 MJ 335 (CMA 1982); *United States v. Hardin,* 7 MJ 399, 404 (CMA

1979)). The Supreme Court has further stated that a prosecutor has broad discretion in deciding whether to file charges and whether to proceed to trial. *Bordenkircher v. Hayes,* 434 U.S. at 364, 98 S.Ct. at 668. However, he is prohibited from selecting a case for prosecution simply because of an accused's race. *Id.* (citing *Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962) (race is "an unjustifiable standard" for selecting prosecutions)); *see Wayte v. United States,* 470 U.S. 598, 608, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985) (prosecutorial discretion cannot be exercised on the basis of race). Therefore, we likewise conclude that race should not be the basis for a convening authority's decision to refer charges to a court-martial.

■ When racial identifiers appear in a pretrial advice, the defense may challenge the relevance of or motivation for inserting those items. Such a challenge may be directed either to the convening authority prior to commencement of the trial in accordance with RCM 905(j) or to the military judge in a motion for appropriate relief. *See* RCM 905(b)(1) (objections based on defects in "preferral, forwarding, investigation, or referral of charges"); RCM 906(b)(3) (motion for appropriate relief based on "defects in the Article 32 investigation or pretrial advice"). The standards of proof and burdens of proof are set out in RCM 905(c)(1) and (2). Failure to object to the pretrial advice prior to entry of pleas will ordinarily forfeit the right to object. RCM 905(e).[2]

### C

In *United States v. Fernandez, supra,* this Court also held that the convening authority assumes a judicial-type role when "performing his post-trial duties." *Id.* at 78. *But cf. United States v. Hill,* 27 MJ

---

**2.** We note that the pretrial advice and the post-trial recommendation challenged in this case were prepared before publication of the decision of this Court in *United States v. Brice,* 33 MJ 176 (CMA 1991) (summary disposition), and *United States v. Brannon,* 33 MJ 179 (CMA 1991) (interlocutory order), *pet. denied,* 34 MJ 9

(1991). Accordingly, we are not inclined to resolve this case on the basis of forfeiture. *See generally United States v. Hilton,* 27 MJ 323, 326 (CMA 1989). Normally, however, the failure to object is considered a forfeiture of the right to object. RCM 905(e) and 1106(f)(6), Manual for Courts–Martial, United States, 1984.

293, 294 (CMA 1988) (convening authority no longer required to review record of trial for legal errors). A "convening authority may grant mercy ... by reducing the accused's sentence pursuant to 'command prerogative.' *See* Art. 60(c)(1), UCMJ, 10 USC § 860(c)(1)." *United States v. Healy*, 26 MJ 394, 396 (CMA 1988). When deciding what action to take on the sentence, the convening authority considers "information relevant to clemency—such as the accused's conduct while in confinement, personal financial burdens confronting the accused or his family, and his present mental and physical condition." *Id.* at 396. The Supreme Court has further stated that "[f]or the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender." *Pennsylvania ex rel. Sullivan v. Ashe*, 302 U.S. 51, 55, 58 S.Ct. 59, 61, 82 L.Ed.2d 43, 82 L.Ed. 43 (1937), *quoted in Woodson v. North Carolina*, 428 U.S. 280, 304, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976).

■ In this light, we also hold that race is an inappropriate factor upon which to generally determine a sentence. *Cf. Powers v. Ohio*, 499 U.S. 400, ——, 111 S.Ct. 1364, 1366, 113 L.Ed.2d 411 (1991) (race inappropriate basis for peremptory challenge). There simply has been no showing that race is relevant to an accused's character or propensity to commit an offense. Moreover, this Court's ruling today is not "decided in an atmosphere suffused with concern about race bias," nor do we wish to encourage the creation of such a climate in the military justice system. *See Graham v. Collins*, —— U.S. ——, ——–——, 113 S.Ct. 892, 904–05, 122 L.Ed.2d 260 (1993) (Thomas, J., concurring) (analysis of the separate opinions in *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) (per curiam)); *cf. United States v. Greene*, 36 MJ 274 (CMA 1993); *United States v. Santiago–Davila*, 26 MJ 380, 390 (CMA 1988). *But see United States v. Smith*, 27 MJ 242, 248–50 (CMA 1988).

■ If the defense wishes to challenge racial identifiers in a post-trial recommendation, they should make a timely objection in their response. Failure to object will forfeit a later claim of error in the absence of plain error. Art. 60(d); RCM 1106(f)(6). If the defense makes a timely objection to racial identifiers in the post-trial recommendation and the staff judge advocate refuses to delete them, then appellate authorities will resolve any claims of racial bias in accordance with Article 66, 67, or 69, UCMJ, 10 USC § 866, 867, or 869, respectively, as appropriate. If additional factual inquiry is required, affidavits or a hearing pursuant to *United States v. DuBay*, 17 USCMA 147, 37 CMR 411 (1967), may be ordered.

The decision of the United States Army Court of Military Review is affirmed.

Judges COX, CRAWFORD, GIERKE, and WISS concur.

## APPENDIX A