UNITED STATES

v.

Airman Matthew R. WALKER,
United States Air Force.

ACM S29865.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 9 Aug. 2000.

Decided 6 Nov. 2001.

Appellate Counsel for Appellant: Captain Shelly W. Schools.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Major Lance B. Sigmon, and Major Martin J. Hindel.

Before YOUNG, Chief Judge, BRESLIN, and HATTRUP, Appellate Military Judges.

## OPINION OF THE COURT

YOUNG, Chief Judge:

The appellant pled guilty in a special court-martial to wrongfully using ecstasy (3,4 methylenedioxymethamphetamine), a Schedule I controlled substance. Article 112a, UCMJ, 10 U.S.C. § 912a. The convening authority approved the sentence announced by the military judge: a bad-conduct discharge, confinement for 3 months, and reduction to E–1. The appellant claims the convening authority was disqualified from acting on his case because of his inelastic attitude toward clemency. He asks this Court to either disapprove his bad-conduct discharge or send his case for a new post-trial review by an impartial convening authority. We set aside the convening authority's action.

### I. Background

Prior to referral, the appellant entered into a pretrial agreement with Brigadier General Elizabeth A. Harrell, the special court-martial convening authority. In exchange for the appellant's unconditional guilty plea to the charge and specification, General Harrell agreed to refer the case to a special court-martial and to limit to 4 months the period of confinement she would approve. Before she could act on the case, General Harrell was reassigned. Brigadier General Roosevelt Mercer Jr. was appointed commander of the 81st Training Wing and became the new special court-martial convening authority. On 8 September 2000, the appellant submitted clemency matters to the convening authority through the staff judge advocate.

According to the appellant, General Mercer visited the confinement facility on 12 September and made the following comments:

I have no sympathy for you guys, you made your own decisions and you put yourself in this situation. I'm not sympathetic, and I show no mercy for you. I hope you guys learn from this, but half of you will go on and try to cheat civilian laws and end up in a worst [sic] place than this.

The defense counsel claims he brought this matter to the attention of the "base legal office" on 13 September, but was told the clemency matters had already been delivered to the convening authority. Whether a representative of the base legal office discussed the issue with the convening authority is unclear. On 18 September 2000, General Mercer approved the adjudged sentence.

On 21 September, in a letter addressed in turn to General Mercer and the Commander, 2d Air Force (the general court-martial convening authority), the appellant's defense counsel asked that the action be recalled and the case forwarded to a different convening authority. General Mercer responded in a letter dated 3 October 2000. He did not contest the appellant's version of his statements at the confinement facility. He denied the appellant's application for relief, noting that Rule for Courts–Martial (R.C.M.) 1107(f)(2) authorizes the recall or modification of an action only to correct an illegal, erroneous, incomplete, or ambiguous action. He asserted that when he spoke at the confinement facility he was "speaking as an Air Force Officer and as the 81st Wing Commander, not as the special courts martial [sic] convening authority." General Mercer stated that he "was not speaking to any particular airman" and was not "incapable of exercising clemency when an individual's circumstances warrant it." There is no evidence the defense counsel's 21 September letter was ever forwarded to the Commander, 2d Air Force.

## II. Discussion

After trial, the convening authority, or her successor in command, takes action on the findings and sentence in any case in which there is a conviction. Article 60(c), UCMJ,

10 U.S.C. § 860(c). As a matter of command prerogative involving his sole discretion, the convening authority may modify the findings and sentence. Article 60(c)(1), UCMJ. The convening authority has very broad authority in reviewing an accused's sentence. "[I]n his sole discretion, [the convening authority] may approve, disapprove, commute, or suspend the sentence in whole or in part." Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2). He "shall approve that sentence which is warranted by the circumstances of the offense and appropriate for the accused." R.C.M. 1107(d)(2). See S.Rep. No. 98–53, at 19 (1983), U.S.Code Cong. & Admin.News 1983, p. 2177 ("Such action is a matter of commander's prerogative that is taken in the interests of justice, discipline, mission requirements, *clemency*, or other appropriate reasons, and is not a review for legal sufficiency.") (emphasis added).

As the convening authority has such broad discretionary powers in taking action on a case, appellate courts have tried to ensure that the convening authority is impartial. Cases addressing the disqualification of the convening authority fall into two categories. In the first category of persons disqualified from acting on cases are accusers. See *United States v. Conn*, 6 M.J. 351, 354–55 (C.M.A. 1979). An "accuser" is defined as "a person who signs and swears to charges, any person who directs that charges nominally be signed and sworn to by another, and any other person who has an interest other than an official interest in the prosecution of the accused." Article 1(9), UCMJ, 10 U.S.C. § 801(9).

■ The second category focuses on the convening authority's attitude toward his duties rather than his connection to the case.

A convening authority is disqualified from reviewing and taking action on a case in accordance with Article 60, UCMJ, 10 U.S.C. § 860, if he "sets forth in unmistakable terms" his intent to disregard proper review standards during the post-trial review phase of his duties in order to ensure that a certain result adverse to the criminal element is reached. *United States v. Howard*, 48 C.M.R. 939, 943, 1974 WL 13957 (C.M.A.1974). The presence of an

inelastic attitude suggests that a convening authority will not adhere to the appropriate legal standards in the post-trial review process and that he will be inflexible in reviewing convictions because of his predisposition to approve certain sentences.

*United States v. Fernandez,* 24 M.J. 77, 79 (C.M.A.1987).

General Mercer was not an accuser. There is no evidence that he had anything to do with the preferral or even referral of charges or that he had other than an official interest in the appellant's case. Therefore, we will focus on whether he applied the proper standards in his post-trial review of this case.

 "[A]n accused is entitled as a matter of right to a careful and individualized review of his sentence at the convening authority level. It is the accused's first and perhaps best opportunity to have his punishment ameliorated and to obtain the probationary suspension of his punitive discharge." *Howard,* 48 C.M.R. at 944. "[I]t is ... important to have one's sentence considered by a convening authority who does not arbitrarily refuse in advance to mitigate an important part of the sentence, no matter what factors might be brought to his attention." *United States v. Wise,* 20 C.M.R. 188, 192, 1955 WL 3549 (C.M.A.1955). The question we must answer is whether General Mercer's statements evidence an arbitrary and inflexible refusal to consider clemency.

Normally, we would not accept the unsworn statements of parties in such a matter. However, as General Mercer failed to contest the content of the remarks attributed to him by the appellant, we will infer that he made them.

 We hold that General Mercer was disqualified from acting on the appellant's case. We are mindful that the decision to grant clemency is solely within a convening authority's command prerogative. R.C.M. 1107(b)(1). However, he may not close his mind from the possibility of doing so. *See Fernandez,* 24 M.J. at 79. General Mercer's comments that he would show no mercy reflect an inelastic attitude toward his statutory duties. Furthermore, we must reject the suggestion that a convening authority can insulate himself from disqualification by asserting that the disqualifying statements were made in his capacity as an officer and wing commander. As an officer and wing commander, General Mercer was not in a position to grant the mercy he so adamantly denounced. It was only in his capacity as the convening authority that he could do so.

Despite the tenor of our holding, our opinion should not be read to suggest that General Mercer is forever disqualified from taking action on cases. His letter of 3 October 2000 demonstrates that he now understands his duties as the convening authority. However, his failure to do so before acting on the appellant's case requires us to grant the appellant relief.

### III. Conclusion

The action of the convening authority is set aside. The case is returned to The Judge Advocate General for referral to the Commander, 2d Air Force, for a new staff judge advocate recommendation and action. *See* R.C.M. 1107(a).