# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class RONALD K. MCELHOSE**
**United States Army, Appellant**

ARMY 20140760

Headquarters, Fort Carson
Douglas K. Watkins, Military Judge
Colonel Paul J. Perrone, Jr., Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Scott A. Martin, JA (on brief); Lieutenant Colonel Jonathan F. Potter, JA; Captain Heather L. Tregle, JA; Captain Scott A. Martin, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain Anne C. Hsieh, JA (on brief).

8 April 2016

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Judge:

A military judge, sitting as a special court-martial, convicted appellant, consistent with his pleas, of four specifications of absence without leave terminated by apprehension, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C § 886 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and ninety-six days confinement and credited him with ninety-six days of pretrial confinement credit. The convening authority approved the adjudged sentence and ninety-six days of confinement credit.

Appellant's case is now before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, both of which merit discussion but no relief.

## BACKGROUND

While home on mid-tour leave from his deployment to Iraq, appellant's wife informed him she wanted a divorce. As a result, on 7 September 2008, appellant went absent without leave (AWOL) and did not redeploy to Iraq as scheduled. A week after being AWOL, appellant contacted his unit rear detachment at Fort Hood to inform them of his whereabouts but went AWOL again shortly thereafter on or about 19 September 2008. Appellant was arrested on a desertion warrant over two years later on 4 November 2010 and returned to military control.

On 10 May 2011, while stationed at Fort Carson, Colorado appellant went AWOL a second time.* On 28 October 2011, appellant was stopped by police for a traffic violation and arrested on a desertion warrant. Appellant was again returned to military control.

While at Fort Carson for only a few days, appellant went AWOL a third time on 1 November 2011. On 27 July 2013, appellant was arrested on a desertion warrant after being involved in a traffic accident wherein his wife sustained serious injuries. Appellant was once again returned to military control.

After being evicted from his home, appellant went AWOL for a fourth time on 23 October 2013. On 1 August 2014, after a traffic stop and license check in Baytown, Texas, appellant was arrested a fourth time pursuant to a desertion warrant. Once under military control again, appellant was placed in pretrial confinement.

Combining appellant's periods of AWOL, he was absent for approximately four and a half years.

*Findings Adjudged by the Court-Martial*

Appellant was initially charged with four specifications of desertion but pleaded guilty to four specifications of AWOL terminated by apprehension. Appellant's pleading at trial was consistent with the language contained in his offer to plead guilty – with one exception.

At trial, before the military judge sentenced appellant, the military judge re-opened the providence inquiry when he determined the location of the first AWOL listed on the charge sheet, Specification 1 of The Charge, was inaccurate. The military judge concluded appellant was AWOL from his unit in Iraq, not a unit at Fort Hood, Texas. After some discussion between the military judge and appellant's defense counsel, appellant waived his right to withdraw from the pretrial agreement

---

* Appellant's unit was moved from Fort Hood, Texas to Fort Carson, Colorado.

and continued to plead guilty substituting "Iraq" for "Fort Hood, Texas" on the charge sheet.

The military judge re-announced the finding for Specification 1 of The Charge incorporating the text of the charge and the underlying specification with the substitutions to which appellant pleaded guilty.

*Convening Authority Action*

In the staff judge advocate post-trial recommendation (hereinafter SJAR), the Staff Judge Advocate (hereinafter SJA) provided the convening authority the *general findings* by the military judge. The SJAR and addendum did not themselves contain the actual language of The Charge and its specifications, but incorporated by reference the results of trial and appellant's offer to plead (hereinafter OTP) guilty.

In this case, the Dep't of Defense Form 2707-1, Report of Result of Trial (Mar. 2013) (DD Form 2707-1) however, reflects a shorthand version of The Charge and its specifications, and the findings - indicating only that appellant was found guilty of four specifications of being absent without leave terminated by apprehension. The results of trial also incorporate by reference the OTP. The OTP also does not contain the actual language of The Charge and Specifications as reflected on the charge sheet and promulgation order but rather reflects the exceptions and substitutions to which appellant agreed to plead guilty.

Additionally, the SJAR and addendum do not attach as an enclosure the charge sheet or the record of trial itself. As a result, such specifics as the length of each AWOL, the unit of each AWOL, and the military judge's substitution of "Iraq" for "Fort Hood, Texas" in Specification 1 of The Charge, are not contained in the SJAR or the addendum.

The convening authority, in accordance with the SJA's advice, approved the sentence as adjudged – a bad-conduct discharge and ninety-six days confinement – in other words, a bad-conduct discharge and time served.

**DISCUSSION**

*Ambiguity between Adjudged and Approved Findings*

Appellant asserts on appeal that the report of result of trial in appellant's case incorrectly reflects the adjudged findings of which appellant was convicted, and as a result, the convening authority did not properly approve the findings. Appellant argues that this court now lacks jurisdiction to act and asks us to return the record of trial to the convening authority for a new SJAR and action. We decline to do so.

When a court-martial is adjourned following announcement of the sentence, the findings and sentence are reported promptly to the convening authority. *See* UCMJ art. 60(a). The trial counsel prepares the report of the findings and sentence, which must be submitted in writing. *Id*; Rule for Courts-Martial [hereinafter R.C.M.] 1101(a). Neither the UCMJ nor the Manual for Courts-Martial, United States (2012 ed.), offers any guidance as to the amount of detail that should be provided regarding the findings.

The convening authority must consider "[t]he recommendation of the staff judge advocate or legal officer under R.C.M. 1106. . . ." R.C.M. 1107(b)(3)(A)(i). The SJA's advice is legally required to contain information as to the findings and sentence adjudged by the court-martial. R.C.M. 1106(d)(3). The SJAR may provide the convening authority with "concise information" about the findings, "without specifying exactly what acts the appellant was found guilty of or what language was excepted or substituted." *United States v. Gunkle*, 55 M.J. 26, 33 (C.A.A.F. 2001) (citation and quotation marks omitted). Although disapproval of the findings requires express action by the convening authority, the convening authority is not required to take express action to approve the findings. *See* UCMJ art. 60(c)(3); R.C.M. 1107(f). In that context, the SJA's description of a finding is sufficient if it provides a general depiction of the offense, without the necessity for reciting the exact specifications.

In the present case, the description provided in the SJAR was sufficient. While we hold the SJA's actions satisfactory under these circumstances so as to comport with Article 60(c)(3), UCMJ, a more precise statement of The Charge and its specifications in the post-trial matters would have avoided this issue altogether.

The Report of Result of Trial correctly reflects that appellant was convicted of four specifications of absence without leave terminated by apprehension. The convening authority's action approving the sentence implicitly approved the findings as reflected in the result of trial and incorporated by reference the offer to plead. *See generally United States v. Diaz*, 40 M.J. 335 (C.M.A. 1994). While not specifically attached as an enclosure or stated specifically, the OTP presumably incorporates the charge sheet by reference – otherwise the OTP standing alone makes no sense.

If the list of findings in the SJAR omits any reference to a particular finding, *see* R.C.M. 1106(d)(3), this court may not presume that the convening authority implicitly approved or disapproved the omitted finding. *Diaz*, 40 M.J. at 343. That did not occur in this case. The government correctly summarized the original charge, the pleas of appellant, the court's findings, and appellant's adjudged sentence. Lastly, the promulgating order substantially reflects the findings of appellant's court-martial.

*Forfeiture*

Even if we were to assume appellant's findings of guilt were not properly approved by the convening authority as appellant contends, appellant has forfeited this matter by not raising it in his post-trial matters.

The SJA served the SJAR on the defense prior to submission to the convening authority. R.C.M. 1106(f)(1). The defense had the opportunity to provide the convening authority with comments on the recommendation, as well as other matters. UCMJ art. 60(b); R.C.M. 1105; R.C.M. 1106(f). Consistent with the forfeiture provisions of Article 60(d), UCMJ, R.C.M. 1106(f)(6) provides that "[f]ailure of counsel for the accused to comment on any matter in the [SJAR] or attached to the recommendation in a timely matter shall [forfeit] later claim of error with regard to such matter in the absence of plain error." *See United States v. Green*, 37 M.J. 380, 385 (C.M.A. 1993) (failure to object to racial identifiers in the SJAR was forfeited absent plain error); *see also United States v. Drayton*, 40 M.J. 447 (C.M.A. 1994); *United States v. Wright*, ARMY 20010343, 2002 LEXIS 434 (Army Ct. Crim. App. 14 Jan. 2002) (mem. op.) (testing for plain error when a convening authority was mistakenly informed that the accused's AWOL conviction was terminated by apprehension).

"Under a plain error analysis, [an appellant] has the burden of demonstrating that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused." *United States v. Payne*, 73 M.J. 19, 23 (C.A.A.F. 2014) (internal quotation marks and citations omitted).

Even if we assume plain and obvious error, an error in a post-trial SJAR to the convening authority does not result in an automatic return by an appellate court of the case to the convening authority. *United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). We must, instead, determine if the error materially prejudiced a substantial right of appellant. Because being AWOL from Iraq - a combat zone - is a more serious offense than being AWOL from Fort Hood, Texas, this omission in the SJAR predictably would not inure to appellant's detriment. Similarly, the absence of the length of each AWOL - totaling four and a half years – in all likelihood did not disadvantage appellant. Under these facts, appellant has not demonstrated so much as *some colorable showing of possible prejudice affecting his opportunity for clemency*. Kho, 54 M.J. at 65 (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)). We do not believe it is reasonably possible that inclusion of specifics would have influenced the convening authority to act any differently. We thus find no material prejudice to a substantial right of appellant.

## CONCLUSION

The findings of guilty and sentence are AFFIRMED.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court