# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39288**

———————————

**UNITED STATES**
*Appellee*

v.

**Phillip H. AIKEN**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 20 July 2018

———————————

*Military Judge:* Patricia A. Gruen.

*Approved sentence:* Bad-conduct discharge, confinement for 13 months, and reduction to E-1. Sentence adjudged 9 May 2017 by GCM convened at Andersen Air Force Base, Guam.

*For Appellant:* Major Todd M. Swensen, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Captain Michael T. Bunnell, USAF; Mary Ellen Payne, Esquire.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges*.

Senior Judge HARDING delivered the opinion of the court, in which Judges SPERANZA and HUYGEN joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

HARDING, Senior Judge:

Appellant, in accordance with a pretrial agreement, pleaded guilty to a single specification of knowingly and wrongfully viewing child pornography in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §

934. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 13 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

Appellant submitted his case on its merits with no specific assignment of error. The court specified the following issue.

> WHETHER APPELLANT IS ENTITLED TO NEW POST-TRIAL PROCESSING CONSISTENT WITH THE DECISION OF THE UNITED STATES COURT OF APPEALS FOR THE ARMED FORCES (CAAF) IN *UNITED STATES V. ADDISON*, 75 M.J. 405 (C.A.A.F. 2016) (MEM.), BECAUSE THE STAFF JUDGE ADVOCATE'S RECOMMENDATION (SJAR) MISSTATED THE AUTHORITY OF THE CONVENING AUTHORITY AND THE ADDENDUM TO THE SJAR FAILED TO CORRECT AN ERROR IN APPELLANT'S CLEMENCY SUBMISSION.

We find Appellant is so entitled and thus order new post-trial processing.

## I. BACKGROUND

Notwithstanding that Appellant's offense occurred "between on or about 2 February 2014 and on or about 9 September 2015" and, thus, the convening authority had the discretion to disapprove the finding of guilty and the entirety of the sentence for any or no reason, the SJAR advised the convening authority as follows: (1) "[f]or the offense of which [Appellant] was found guilty, Article 134, you only have the authority to approve the finding of guilt and cannot dismiss the finding of guilt," (2) "[y]ou do not have the authority to disapprove, commute or suspend in whole or part the confinement or the punitive discharge," and (3) "[y]ou do have the authority to disapprove, commute or suspend in whole or part the reduction in rank." In Appellant's clemency submission, consistent with the erroneous limitations on the convening authority's discretion as explained in the SJAR, Appellant requested relief limited to restoration of rank. Appellant specifically stated he would have requested confinement relief, but, consistent with the SJAR, Appellant believed the convening authority did not have the authority to grant such relief.

> Sir, I respectfully ask you to consider granting me relief by allowing me to retain some of the rank I earned while serving. I know this is a lot to ask, and since I've lost all my pay, I ask it more as a symbol that I did, in fact serve honorably for at least a period of time. It would mean a great deal to me. I know that you do not have the authority to change my confinement sentence, or I would ask for that as well, since I believe the nearly

> two years of honorable and devoted service I gave after I came to be under investigation showed I can be trusted.

The addendum to the SJAR did not correct the error in the SJAR or Appellant's clemency submission. The SJA recommended and the convening authority approved the sentence as adjudged. In a declaration provided to address the specified issue, the convening authority stated that "[e]ven if I was advised that I had the authority to commute his confinement, I would have denied his request." Likewise, the SJA stated in his declaration that he would have recommended denial of a request for confinement relief, and, notwithstanding the error, he would still recommend the sentence be approved as adjudged.

## II. DISCUSSION

The proper completion of post-trial processing is a question of law the court reviews de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000) (citing *United States v. Powell*, 49 M.J. 460, 462 (C.A.A.F. 1998)). Failure to comment in a timely manner on matters in the SJAR or matters attached to the SJAR waives in the absence of plain error, or forfeits, any later claim of error. Rule for Courts-Martial (R.C.M.) 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). Analyzing for plain error, we assess whether "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65). "To meet this burden in the context of a post-trial recommendation error . . . an appellant must make 'some colorable showing of possible prejudice.'" *Id.* at 436–37 (quoting *Kho*, 54 M.J. at 65). "The threshold is low, but there must be some colorable showing of possible prejudice . . . in terms of how the [error] potentially affected an appellant's opportunity for clemency." *Id.* at 437 (alteration in original).

In this case, there are two distinct errors—the incorrect advice in the SJAR itself and the failure to address the error in Appellant's clemency submission—both rooted in misstatements of the convening authority's discretion to act on the adjudged finding and sentence. The National Defense Authorization Act (NDAA) for Fiscal Year 2014 modified Article 60, UCMJ, 10 U.S.C. § 860, and limited the convening authority's ability to grant clemency. Pub. L. No. 113–66, sec. 1702, § 860(c)(4)(A), 127 Stat. 954–58 (2013). The effective date of the change was 24 June 2014. *Id.* at 958. The pertinent text of the modified Article 60, UCMJ, providing for substantially less convening authority discretion to act on an adjudged sentence now reads, "[T]he convening authority or another person authorized to act under this section may not disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct discharge." 10 U.S.C. § 860(c)(4)(A) (24 Jun. 2014).

Recognizing that a specification may allege a timeframe that "straddles" the effective date of the change to Article 60, UCMJ, the NDAA for Fiscal Year 2015 provided that, where a court-martial conviction involves an offense committed before 24 June 2014 and an offense committed on or after 24 June 2014, the convening authority has the same authority under Article 60 as was in effect before 24 June 2014, except with respect to a mandatory minimum sentence under Article 56(b), UCMJ, 10 U.S.C. § 856(b). Pub. L. No. 113-291, § 531, 128 Stat. 3292, 3365 (2014). Before 24 June 2014, the convening authority had the authority to dismiss any charge or specification by setting aside a finding of guilty or to change a finding of guilty to a finding of guilty to a lesser included offense. The convening authority also had the authority to disapprove a sentence in whole or in part, mitigate the sentence, and change a punishment to one of a different nature so long as the severity of the punishment was not increased.[*]

## A. SJAR Error

Whether an appellant was prejudiced by a mistake in the SJAR generally requires a court to consider whether the convening authority "plausibly may have taken action more favorable to" the appellant had he or she been provided accurate or more complete information. *United States v. Johnson*, 26 M.J. 686, 689 (A.C.M.R. 1988), *aff'd*, 28 M.J. 452 (C.M.A. 1989); *see also United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). The SJA submitted a declaration conceding the advice given to the convening authority was incorrect but asserting that, even with the convening authority's broader discretion, the SJA still would have recommended the convening authority approve the sentence as adjudged. More importantly, the convening authority also submitted an affidavit noting that he would not have provided Appellant with relief on the sentence to confinement even if he had known that he had the authority to do so. If the error in this case was limited to just the SJAR *and* Appellant had submitted matters in support of a request for confinement relief, we may have concluded that Appellant is unable to demonstrate a colorable showing of possible prejudice and thus cannot prevail on this issue. *Scalo*, 60 M.J. at 436–37; *see United States v. Demiller*, No. ACM S32344, 2017 CCA LEXIS 154 (A.F. Ct. Crim. App. 16 Feb. 2017) (unpub. op.). The error, however, is not limited to the SJAR; Appellant, mistakenly believing the convening authority could not grant clemency for the adjudged confinement as asserted in the SJAR, did not request or submit matters for confinement relief.

---

[*] This reflects the language of R.C.M. 1107(d)(1) in effect prior to 24 June 2014 and as it appeared in the *Manual for Courts-Martial, United States* (2012 ed.).

**B. Failure to Correct the Error in Appellant's Clemency Submission**

The error in Appellant's clemency submission can be attributed to Appellant's reliance on the error in the SJAR. Even if it was not, the SJA was still obligated to correct Appellant's error in the SJAR addendum and the SJA did not do so. *See Addison*, 75 M.J. at 405. The low threshold of some colorable showing of possible prejudice to Appellant is met in this case. Appellant was "entitled as a matter of right to a careful and individualized review of his sentence at the convening authority level. It [was Appellant's] first and perhaps best opportunity to have his punishment ameliorated . . . ." *United States v. Walker,* 56 M.J. 617, 619 (A.F. Ct. Crim. App. 2001). Appellant did not get that opportunity in this case. When considering the declarations of the convening authority and SJA that absent the error a request for confinement relief would have been denied, we are mindful that "[i]t is . . . important to have one's sentence considered by a convening authority who does not arbitrarily refuse in advance to mitigate an important part of the sentence, no matter what factors might be brought to his attention." *Id.* We do not discern from the declarations that either the convening authority or the SJA had closed their minds from the possibility of granting confinement relief regardless of Appellant's clemency request. In other words, we do not find an inelastic attitude. Rather, we take from the declaration of the convening authority that, based on what he *knew* about Appellant's case, if he had been properly advised about his authority, he would have denied the request. However the convening authority did not know what he did not know: the SJAR error deprived him of the opportunity to consider a request for clemency other than the reduction in rank, which could have been supported by additional information from Appellant in his clemency request.

The combination of the SJAR's erroneous statement that the convening authority could not disapprove confinement; the corresponding clemency submission that erroneously eschewed requesting relief from confinement even though it was desired; and the SJA's failure to correct Appellant's erroneous statement resulted in post-trial processing error. Appellant's missed opportunity to request and have the convening authority consider a request for confinement relief constitutes a colorable showing of possible prejudice to Appellant in light of *Addison. See United States v. Zegarrundo*, 77 M.J. 612 (A.F. Ct. Crim. App. 2018).

### III. CONCLUSION

The action of the convening authority is **SET ASIDE**. The record of trial is returned to The Judge Advocate General for remand to the convening authority for new post-trial processing with conflict-free trial defense counsel consistent with this opinion. Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter,

the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court